[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Ketterer,* Slip Opinion No. 2014-Ohio-3973.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-3973

THE STATE OF OHIO, APPELLEE, *v*. KETTERER, APPELLANT.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State v. Ketterer,* Slip Opinion No. 2014-Ohio-3973.]**

*Criminal procedure—Resentencing for limited purpose—Res judicata—Discovery denied—Costs.*

(No. 2011-0093—Submitted May 13, 2014—Decided September 18, 2014.)

APPEAL from the Court of Common Pleas of Butler County,

No. CR 2003-03-0309.

_____

PFEIFER, J.

{¶ 1} This is the third direct appeal arising out of Donald Ketterer's capital conviction. This appeal concerns his resentencing hearing before a three-judge panel. We find no error and affirm the sentencing order.

*Background*

{¶ 2} In connection with the death of Lawrence Sanders, Ketterer pled guilty to aggravated murder, aggravated robbery, aggravated burglary, grand theft

of a motor vehicle, and burglary. A three-judge panel convicted Ketterer on all charges. The panel sentenced him to death on the capital charge and to various prison terms for the noncapital offenses, some sentences to run concurrently and others to run consecutively. Butler Cty. C.P. No. CR2003-0309 (Feb. 4, 2004).

{¶ 3} We affirmed the convictions and death sentence on direct appeal. 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48. We later reopened Ketterer's direct appeal and found that his first appellate counsel had been ineffective for failing to challenge his noncapital sentences under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, at ¶ 71-81, in which we held that the statutory provisions for sentence enhancements for repeat violent offenders and major drug offenders violated the Sixth Amendment to the United States Constitution because they required the sentencing judge to make findings of fact not proven beyond a reasonable doubt. 113 Ohio St.3d 1463, 2007-Ohio-1722, 864 N.E.2d 650. We vacated the noncapital sentences and remanded for resentencing.

{¶ 4} The three-judge panel resentenced Ketterer. On appeal, we again vacated the sentence, this time because the trial court had not properly imposed postrelease control during resentencing. 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 65-79, 81.

{¶ 5} The three-judge panel issued a new sentencing entry. Ketterer timely appealed to this court, raising five propositions of law, which we now address individually.

*Legal analysis*

### 1. Denial of discovery

{¶ 6} On November 29, 2010, following the second remand, Ketterer filed a motion in the trial court for discovery. The panel denied the motion, concluding that Crim.R. 16 did not apply, because the matter was before the court for the limited purpose of correcting the postrelease-control error. *See State v.*

*Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 28-29 (when an offender is entitled to a new sentencing hearing because postrelease control had not been properly imposed, the new hearing is limited to proper imposition of postrelease control).

**{¶ 7}** Ketterer has not alleged that the requested discovery was relevant to the imposition of mandatory postrelease control. In fact, the briefs suggest that Ketterer sought evidence relevant to his guilt on the underlying death specifications. As noted, a limited remand for resentencing does not open the door for a defendant to relitigate the capital proceeding.

**{¶ 8}** Ketterer argues that even if *Fischer* and its progeny preclude his discovery request, the state waived this argument by failing to raise it during oral argument on his discovery motion in the trial court. The narrow scope of the remand, however, is a jurisdictional limitation. *See State v. Wrenn*, 9th Dist. Summit No. 25616, 2011-Ohio-5640, ¶ 5, quoting *State v. Stiggers*, 9th Dist. Summit No. 25486, 2011-Ohio-4225, ¶ 6 (" 'Because resentencing is limited to the imposition of post-release control, any additional action taken by the trial court with respect to the sentence is a nullity' "). And objections to subject-matter jurisdiction cannot be waived. *State v. Mbodji*, 129 Ohio St.3d 325, 2011-Ohio-2880, 951 N.E.2d 1025, ¶ 10.

**{¶ 9}** We conclude that discovery was not improperly denied.

### 2. Merger

**{¶ 10}** Ketterer argues that the panel erred when it failed to merge the offenses of capital murder, aggravated robbery, and aggravated burglary. This argument is barred by res judicata.

**{¶ 11}** In his first appeal, Ketterer argued that aggravated robbery and aggravated burglary are duplicative offenses. 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 118. We rejected that argument and reaffirmed the rule that " '[a]ggravated burglary and aggravated robbery are separate offenses and

constitute separate aggravating circumstances because they do not arise from the same act.' " *Id.* at ¶ 119, quoting *State v. Williams*, 74 Ohio St.3d 569, 580, 660 N.E.2d 724 (1996). We also rejected Ketterer's contention that the aggravated-robbery and aggravated-burglary charges were duplicative of the capital specifications based on aggravated robbery and aggravated burglary. *Ketterer* at ¶ 118.

**{¶ 12}** After the panel issued its third sentencing entry, we redefined the test for allied offenses. *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061. Ketterer argues that under *Johnson*, the capital-murder, aggravated-robbery, and aggravated-burglary charges should have merged. He also argues that res judicata should not apply, because of the subsequent change in law made by *Johnson*. We disagree.

**{¶ 13}** New judicial rulings are not "applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all * * * appellate remedies." *Ali v. State*, 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, ¶ 6. For purposes of retroactivity analysis, Ketterer's convictions on the noncapital charges became final when this court issued its second decision, which occurred before *Johnson* was decided. The second remand was solely for the purpose of correcting the error in postrelease control and did not render his original direct appeal a nullity. *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 32, 40.

**{¶ 14}** We have recognized an exception to the rule against retroactivity in cases in which we address the meaning of a statute for the first time. In that situation, the rule against retroactive application does not apply, because we are not announcing a new rule of law but instead are determining what the relevant statutes have meant since their enactment. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 23-25; *Agee v. Russell*, 92 Ohio St.3d 540, 543-544, 751 N.E.2d 1043 (2001). The exception does not apply in this

case, because "*Johnson* did not merely clarify section 2941.25, but expressly overruled [prior case law] and changed more than a decade of Ohio allied-offenses jurisprudence." *Volpe v. Trim*, 708 F.3d 688, 703 (6th Cir.2013).

**{¶ 15}** We agree with the appellate courts that have declined to apply *Johnson* retroactively to judgments that were final as of the date that case was decided. *E.g., State v. Dover*, 5th Dist. Stark No. 2012CA00204, 2013-Ohio-2634, ¶ 19; *State v. Musselman*, 2d Dist. Montgomery No. 25295, 2013-Ohio-1584, ¶ 14-21; *State v. Porter*, 6th Dist. Lucas No. L-12-1243, 2013-Ohio-1360, ¶ 13.

**{¶ 16}** We reject Ketterer's argument that the panel erred when it failed to merge the offenses of capital murder, aggravated robbery, and aggravated burglary.

### 3. Consecutive periods of postrelease control

**{¶ 17}** Ketterer argues that the three-judge panel violated R.C. 2967.28(F)(4)(c) by imposing multiple periods of postrelease control that run consecutively.

**{¶ 18}** The third sentencing order separately imposed postrelease control as to each of the noncapital offenses:

> It is ORDERED as to Count Two that the Defendant be sentenced to be imprisoned for a stated prison term of nine (9) years and pay a fine of two thousand ($2,000.00) dollars, which sentence carries five (5) years mandatory post release control pursuant to 2967.28(B)(1).
>
> It is FURTHER ORDERED as to Count Three that the Defendant be sentenced to be imprisoned for a stated prison term of nine (9) years, which term of imprisonment shall be served consecutively with the term of imprisonment heretofore imposed

as to Count Two, and pay a fine of two thousand ($2,000.00) dollars, which sentence carries five (5) years mandatory post release control pursuant to 2967.28(B)(1).

It is FURTHER ORDERED as to Count Four that the defendant be sentenced to be imprisoned for a stated prison term of seventeen (17) months, which term of imprisonment shall be served concurrently with the terms of imprisonment heretofore imposed as to Counts Two and Three, and which sentence carries discretionary three (3) years post release control pursuant to 2967.28(C).

It is FURTHER ORDERED as to Count Five that the Defendant be sentenced to be imprisoned for a stated prison term of four (4) years, which term of imprisonment shall be served consecutively with the terms of imprisonment heretofore imposed as to Counts Two and Three, and pay a fine of one thousand ($1,000.00) dollars, which sentence carries discretionary three (3) years post release control pursuant to 2967.28(C).

{¶ 19} Ketterer argues that the language of the order imposes consecutive terms of postrelease control. In fact, the order states the opposite. The panel clearly indicated in each instance that the "term of imprisonment" would be served consecutively. Postrelease control is not part of the term of imprisonment.

{¶ 20} A later section of the order, in which the panel expressly discussed postrelease control, contains a typographical error:

The Court has notified the Defendant about the terms of post release control as previously indicated, and the Court also advised the Defendant of the consequences for violating conditions

of post release control imposed by the parole Board under Revised Code Section 2967.28, and that the Parole Board may impose *a prison terms* [sic] of up to one-half of the prison term originally imposed on the offender if he violates supervision or a condition of post release control.

(Emphasis added.) Ketterer argues that the panel's use of the plural word "terms" indicates an intention to impose multiple, consecutive periods of postrelease control. He must then assume that the inclusion of the article "a" was a typographical error. It is just as probable that the typographical error was the inclusion of an "s" at the end of the word "term." Confronted with two equally reasonable alternatives, we will not presume that the panel intended to achieve an unlawful result.

{¶ 21} We conclude that the panel did not impose consecutive terms of postrelease control.

## 4. Fines

{¶ 22} Ketterer challenges the imposition of fines at the third sentencing hearing without a hearing as to his ability to pay. Res judicata applies.

{¶ 23} The three-judge panel imposed fines as part of its original judgment of conviction. 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 11. Upon remand, the court imposed the same sentence. *Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 4. Ketterer does not challenge the state's assertion that the fines imposed in all three entries were the same. Therefore, *Fischer* forecloses Ketterer's ability to raise the imposition of fees as a new argument on appeal. 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 32.

{¶ 24} Ketterer argues that his fines are an issue arising at the resentencing because they were again incorporated into the judgment entry. By

that logic, there would be no such thing as a limited remand, because the final entry on remand would inevitably include all the judgments that came before, and therefore every aspect of his convictions would again be subject to attack on appeal. We reject this argument.

## 5. Court costs

**{¶ 25}** Ketterer challenges the imposition of court costs at the third sentencing hearing without a hearing as to his ability to pay. Res judicata applies.

**{¶ 26}** Ketterer concedes that both the original judgment entry and the second judgment entry contained an assessment of court costs. His argument is that the panel did not mention court costs at the third sentencing hearing, and therefore he had no opportunity to object before they were included in the third judgment entry.

**{¶ 27}** The assessment of court costs was already res judicata when the panel convened the third sentencing hearing. The panel's failure to address the matter at the hearing was consistent with the limited purpose of the remand. These facts distinguish the present case from *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, where there was no indication that the court imposed costs at the first sentencing hearing.

*Conclusion*

**{¶ 28}** For the reasons stated, we affirm Ketterer's sentence.

Judgment affirmed.

O'CONNOR, C.J., and O'DONNELL, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

LANZINGER, J., concurs in judgment only.

_____

Michael T. Gmoser, Butler County Prosecuting Attorney, and Michael A. Oster Jr. and Lina N. Alkamhawi, Assistant Prosecuting Attorneys, for appellee.

Tim Young, State Public Defender, and Randall L. Porter, Assistant State Public Defender, for appellant.

_____