[Cite as *State v. Temaj-Felix*, 2015-Ohio-3966.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,  : APPEAL NO. C-140052
TRIAL NO. B-1102150

  Plaintiff-Appellee,  :

 vs.  : *O P I N I O N.*

RODOLFO JOSE TEMAJ-FELIX,  :

  Defendant-Appellant.  :

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  September 30, 2015

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Roger W. Kirk*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1} In November 2011, defendant-appellant Rodolfo Jose Temaj-Felix pleaded guilty to and was convicted of one count of aggravated vehicular homicide, one count of aggravated vehicular assault, and two counts of failure to stop after an accident. His convictions arose out of a tragic accident on the morning of April 2, 2011, in which Temaj-Felix ran a red light and hit two pedestrians in a crosswalk, killing a three-year-old child and injuring his mother. The trial court sentenced Temaj-Felix to an aggregate term of 18 years' incarceration. He appealed. In that appeal, this court held that Temaj-Felix's two failure-to-stop convictions, Counts 5 and 6 of his indictment, were allied offenses of similar import. We therefore vacated the sentences on those counts, and remanded the case with the instruction to the trial court to resentence on one count in accordance with the state's election. We affirmed the remainder of the trial court's judgment.

{¶2} On remand, the trial court conducted a hearing for the purpose of resentencing. The narrative during that hearing was as follows: "All right. With regard to the sentence pursuant to the Court of Appeals' mandate, merge the sentence of Count 6 into Count 5, which results in a one-year reduction of the sentence." After the sentencing hearing, the trial court journalized an entry sentencing Temaj-Felix to 24 months' incarceration on Count 5, with an accompanying three-year driver's license suspension. Temaj-Felix now appeals that judgment.

{¶3} After his resentencing hearing, Temaj-Felix moved the trial court for relief from that judgment, arguing that the trial court lacked the findings to support consecutive sentences, and also moved to withdraw his guilty pleas on the ground that he had allegedly been promised an aggregate sentence of 15 years. The trial

court overruled the motion. Temaj-Felix appealed that judgment in the case numbered C-140138. Although his appeal from the overruling of his motion was not consolidated with his appeal from the judgment regarding his failure-to-stop sentences, the appeals were briefed and argued together. In this decision, we do not reach the merits of Temaj-Felix's fourth and eighth assignments of error, because they address issues in the case numbered C-140138. Here, we decide only those assignments of error relating to Temaj-Felix's direct appeal from the 2014 judgment resentencing him.

{¶4} We address Temaj-Felix's first, third, and sixth assignments of error together. In his first assignment of error, Temaj-Felix argues that the trial court erred when it failed to include the findings required by R.C. 2929.14(C)(4) in his sentencing entry. In his third assignment of error, Temaj-Felix argues that the court erred in imposing consecutive sentences without making the findings required by R.C. 2929.14(C)(4). In his sixth assignment of error, Temaj-Felix argues that the trial court erred by imposing a sentence that was disproportionate, contrary to law, and unsupported by the record.

{¶5} R.C. 2929.14(C)(4) requires the trial court to undergo an analysis and make findings to support the imposition of consecutive sentences:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to

3

the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶6} Although not journalized in his sentencing entries, the transcript of the trial court's sentencing hearing shows ample support for the imposition of consecutive sentences. At the conclusion of the January 10, 2014 resentencing hearing, the trial court stated,

[T]his was a horrific situation brought on solely by the defendant's conduct. It was an aggravated vehicular homicide. The sentence is necessary to protect the public and punish Mr. Temaj-Felix, and not disproportionate to the seriousness of the defendant's conduct and the danger he poses to the public. And the harm caused by his offense was so great or unusual that no single prison term committed [sic] as part

4

of the single course of conduct would adequately reflect the seriousness of defendant's conduct.

{¶7}   After review of the transcript, we determine the trial court did make the requisite findings to support the imposition of consecutive sentences pursuant to R.C. 2929.14.  In addition, there is no support for Temaj-Felix's argument that his sentence is excessive and contrary to law except the unsupported speculative allegation that it was more than others received for similar offenses.  The sentence on each count was within the range allowed by the Revised Code.  Therefore, Temaj-Felix's third and sixth assignments of error are overruled.

{¶8}   With respect to the first assignment of error, however, we agree with Temaj-Felix.  *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, requires that the findings necessary to support consecutive sentences be included in the sentencing entry.  The trial court did make the findings necessary to impose consecutive sentences at the resentencing hearing, but these findings were not included in the resentencing entry dated February 21, 2014.  This error can be corrected by a nunc pro tunc entry. *See id.* at ¶ 30.  We therefore sustain Temaj-Felix's first assignment of error.

{¶9}   In his second assignment of error, Temaj-Felix argues that the trial court erred "by failing to verbally impose sentence during the sentencing hearing."

{¶10}  When a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offense that remains after the state selects which allied offense to pursue. *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, paragraph one of the syllabus. In Temaj-Felix's first appeal, we vacated the sentences imposed on Counts 5 and 6 before we remanded this cause for resentencing.  The trial court held a resentencing

5

hearing on January 10, 2014, during which Temaj-Felix was present. An interpreter was provided for Temaj-Felix, and he and his counsel utilized the opportunity to speak.

{¶11} Near the conclusion of the hearing, the trial court informed Temaj-Felix that he was merging the sentence for Count 6 into Count 5 pursuant to this court's mandate, and that the overall sentence for Temaj-Felix would be reduced by one year. The trial court later journalized a 24-month sentence on Count 5, with an indication that Count 6 was merged with Count 5 for the purpose of sentencing.

{¶12} Temaj-Felix argues that the trial court erred by not "verbally pronounc[ing] a sentence * * * for each count he had been convicted of, or an aggregate prison term." We disagree. The cause was previously remanded only with respect to the sentences for Counts 5 and 6. The trial court did not need to address the other counts at the resentencing hearing, as those were left undisturbed. In addition, the trial court sufficiently communicated his sentence to Temaj-Felix when the court told him the counts were merged and there would be a one-year reduction in his overall sentence. As evidenced by statements made during the resentencing hearing, Temaj-Felix and his counsel were well aware of the 24-month and 12-month consecutive sentences previously imposed on Counts 5 and 6, respectively. It was evident that a one-year reduction in his sentence subsequent to merging the counts equated to a sentence of 24-months on Count 5, which was the same sentence Temaj-Felix previously received on that count. We note that neither Temaj-Felix nor his counsel questioned or asked for clarification of this sentence. Under these limited factual circumstances, we find the trial court sufficiently imposed sentence on Count 5 in the presence of Temaj-Felix, and we overrule his second assignment of error.

{¶13} In his fifth assignment of error, Temaj-Felix argues that the trial court erred by not informing him at his resentencing hearing that he may be eligible to earn days of credit on his sentence in accordance with R.C. 2967.193. This argument has no merit. R.C. 2967.193 sets forth the parameters under which a defendant may earn credit against a sentence. That statute does not require that the trial court inform the defendant of those provisions at sentencing. Such a notification requirement was set forth in R.C. 2929.14(D)(3) prior to its elimination by S.B. 337 of the 129th General Assembly, which became effective September 28, 2012. Therefore, there is no requirement for the trial court to notify a defendant of rights under R.C. 2967.193, and Temaj-Felix's fifth assignment of error is overruled.

{¶14} Temaj-Felix argues in his seventh assignment of error that all of his convictions should merge as they are allied offenses under R.C. 2941.25.

{¶15} As the state correctly points out, Temaj-Felix's allied-offenses argument could have been raised in his first appeal, and it is now barred by res judicata. *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus; *State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973, 18 N.E.3d 1199. We therefore overrule this assignment of error.

{¶16} In his ninth assignment of error, Temaj-Felix argues that the trial court erred by not reviewing the entire record and making findings to determine the proper sentence. We disagree.

{¶17} Temaj-Felix appears to argue that he was entitled to a de novo sentencing hearing on all counts when we remanded this case in 2013. In *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, paragraph one of the syllabus, the Ohio Supreme Court held, "When a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new

sentencing hearing for the offenses that remain after the state selects which allied offense or offenses to pursue." By inference, there is no requirement that the convictions and sentences left undisturbed upon remand, i.e., aggravated vehicular homicide and aggravated vehicular assault, undergo a de novo resentencing hearing. The resentencing hearing in 2014 could appropriately be limited to issuing a sentence on Count 5 or Count 6, as we directed on remand. We therefore overrule the ninth assignment of error.

{¶18} In sum, we overrule Temaj-Felix's second, third, fifth, sixth, seventh, and ninth assignments of error. We do not address the fourth and eighth assignments of error, as those assignments of error are addressed in the appeal numbered C-140138. We sustain Temaj-Felix's first assignment of error and remand this cause with instructions for the trial court to incorporate its findings supporting the imposition of consecutive sentence into its judgment entry of conviction, nunc pro tunc. The trial court's judgment is affirmed.

Judgment affirmed.

**MOCK, J.**, concurs.
**CUNNINGHAM, P.J.,** dissents.

**CUNNINGHAM, P.J.,** dissenting.

{¶19} I would sustain the second assignment of error. While I agree with the majority's determination that the trial court was only required to resentence on the counts with vacated sentences, I disagree with its conclusion that the court properly resentenced Temaj-Felix on Count 5.

{¶20} At the resentencing hearing, the trial court informed Temaj-Felix that it was merging the sentence of Count 6 into Count 5, resulting in a one-year reduction in the overall sentence. But Ohio has rejected the sentencing-package

8

doctrine. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824. Under Ohio's sentencing scheme, the trial court must focus on each offense and must assign a particular sentence to each offense, separately. *Id.* at ¶ 8. Ultimately, the trial court "lacks authority to consider the offenses as a group and to impose only an omnibus sentence for the group of offenses." *Id.* at ¶ 9.

{¶21} Although the court's judgment entry of conviction reflects the imposition of a 24-month sentence for Count 5, the court must "*at the sentencing hearing*" inform the offender of the "*stated prison term.*" (Emphasis added.) R.C. 2929.19(B)(2)(a).

{¶22} In this case, the court failed to assign a particular sentence to Count 5, in derogation of Ohio's sentencing statutes. Because the sentence imposed is contrary to law, it must be vacated and the cause should be remanded for a proper sentencing on that count.

{¶23} The resolution of the second assignment of error renders the remaining assignments of error in this appeal moot, and I would decline to address them.


Please note:
    The court has recorded its own entry this date.

9