[Cite as *State v. Murph*, 2015-Ohio-5076.]

# IN THE COURT OF APPEALS

# FIRST APPELLATE DISTRICT OF OHIO

# HAMILTON COUNTY, OHIO


STATE OF OHIO,                     :          APPEAL NO. C-150263
                                              TRIAL NO. B-1401319
     Plaintiff-Appellee,         :

  vs.                             :
                                              *O P I N I O N.*
                                   :

JULIAN MURPH,

     Defendant-Appellant.        :


Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed in Part, Sentences Vacated in Part, and Cause Remanded

Date of Judgment Entry on Appeal:  December 9, 2015


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Judith Anton Lapp*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy J. McKenna*, for Defendant-Appellant.


Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Judge.**

{¶1}   Defendant-appellant Julian Murph pleaded guilty to trafficking in and possession of cocaine and possession of heroin.  Murph argues that the trial court erred in imposing 18-month prison terms on his cocaine offenses, after the trial court had orally informed Murph that it would impose 12-month prison terms.  Murph also argues that the cocaine offenses were allied offenses of similar import.  Because the record indicates that the cocaine offenses were allied offenses of similar import subject to merger, we vacate the sentences imposed on those offenses and remand the cause to the trial court so that the state may elect which allied offense it will pursue for purposes of sentencing.

{¶2}   The state indicted Murph for trafficking in and possession of cocaine as third-degree felonies.  According to the indictment, Murph "knowingly prepared for shipment, shipped, transported, delivered, prepared for distribution, or distributed" between ten and 20 grams of cocaine on November 30, 2013.  The indictment also indicates that Murph possessed, obtained, or used the same amount of cocaine on the same date.  Murph had already been convicted of, or pleaded guilty to, two cocaine-trafficking offenses.  The state also indicted Murph for possession of heroin as a fifth-degree felony.  Murph pleaded guilty to trafficking in and possession of cocaine as fourth-degree felonies, which each carried a maximum possible 18-month prison term, and he pleaded guilty to possession of heroin as charged in the indictment, which carried a maximum possible prison term of 12 months.

{¶3}   The trial court accepted Murph's guilty pleas after a Crim.R. 11 colloquy, and deferred the matter for sentencing.  At the sentencing hearing, the trial court orally informed Murph that it was sentencing him to 12 months in prison on

each count, but imposed the terms concurrently, for a total of 12 months in prison. The bailiff then informed the trial court that Murph had brought $1,700 with him to court. As a result, the trial court imposed a $1,000 fine on Murph. The trial court then stated on the record that it was going to "resentence" Murph. According to the trial court, Murph had given the judge a "hard stare" as he left the courtroom, apparently in response to the trial court's imposition of the fine. A deputy also informed the trial court that Murph had muttered, "Stupid bitch." The trial court then informed Murph that it was sentencing him to 18 months in prison on each of the cocaine-related offenses, while the prison sentence for the heroin-possession offense remained 12 months. The trial court imposed the prison terms concurrently, for a total of 18 months in prison. This appeal by Murph ensued.

{¶4} We address first Murph's second assignment of error in which Murph argues that the trial court erred in imposing prison sentences for both cocaine-related offenses, because those offenses were allied offenses of similar import under R.C. 2941.25, which should have been merged for the purposes of sentencing. The state concedes the error and agrees that the offenses should have been merged.

{¶5} As a general matter, we review a trial court's decision regarding allied offenses de novo. *State v. Williams*, 134 Ohio St.3d 482, 2012-Ohio-5699, 983 N.E.2d 1245, ¶ 28. Murph failed to raise an allied-offense objection at sentencing; therefore, we review for plain error. *See State v. Anderson*, 2012-Ohio-3347, 974 N.E.2d 1236, ¶ 14 (1st Dist.), citing *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 20.

{¶6} In determining whether a defendant has committed allied offenses of similar import and should be afforded the protections of R.C. 2941.25, we apply the

test in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892. Under *Ruff*, a defendant can be convicted of two or more offenses where the defendant's conduct (1) "constitutes offenses of dissimilar import," (2) "shows that the offenses were committed separately," or (3) "shows that the offenses were committed with separate animus." *Id.* at paragraph three of the syllabus.

{¶7} A review of the limited record indicates that Murph's offenses for possession of and trafficking in cocaine occurred on the same day and included the same amount of cocaine. By its nature, a drug-trafficking offense under R.C. 2925.03(A)(2), which requires that the offender knowingly "[p]repare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance," necessarily includes some degree of possession. *See State v. Cabrales*, 118 Ohio St.3d 54, 2008-Ohio-1625, 886 N.E.2d 181, ¶ 30. Thus, in *Cabrales*, the Ohio Supreme Court held that "trafficking in a controlled substance under R.C. 2925.03(A)(2) and possession of that same controlled substance under R.C. 2925.11(A) are allied offenses of similar import * * *." *Id.* We see no reason to depart from this holding in *Cabrales* after *Ruff*. Therefore, we conclude that Murph's cocaine-related offenses are allied offenses of similar import, and the trial court should have merged those offenses for the purposes of sentencing.

{¶8} Our result does not change even though the trial court imposed concurrent sentences on the cocaine-related offenses, and even though Murph did not raise merger in the trial court. As we have stated, plain error occurs when a trial court imposes concurrent sentences and the record shows that those offenses should have been merged. *See State v. Burton*, 1st Dist. Hamilton No. C-080173, 2009-Ohio-871, ¶ 25. Thus, we sustain Murph's second assignment of error.

4

{¶9}     In his first assignment of error, Murph argues that the trial court erred in "resentencing" Murph to 18 months on his cocaine-related offenses.  Our resolution of Murph's second assignment of error, vacating Murph's 18-month prison sentences, renders this assignment of error moot.  *See* App.R. 12(A)(1)(c); *State v. Temaj-Felix*, 1st Dist. Hamilton No. C-140052, 2015-Ohio-3966, ¶ 10, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, paragraph one of the syllabus ("When a cause is remanded to a trial court to correct an allied-offenses sentencing error, the trial court must hold a new sentencing hearing for the offense that remains after the state selects which allied offense to pursue.").

{¶10} In conclusion, we affirm that portion of the judgment sentencing Murph for heroin possession, and we affirm the findings of guilt with respect to the cocaine-related offenses.  We vacate Murph's sentences for possession of and trafficking in cocaine.  We remand the matter to the trial court for the purpose of allowing the state to elect which allied offense to pursue for sentencing, and for the trial court to then hold a new sentencing hearing in accordance with *Wilson*.

Affirmed in part, sentences vacated in part, and cause remanded.

CUNNINGHAM, P.J., and DEWINE, J., concur.

Please note:
The court has recorded its own entry on the date of the release of this opinion.