[Cite as *State v. Ware*, 2015-Ohio-5206.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# LAKE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2014-L-076** |
| CHARLES H. WARE, III, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Lake County Court of Common Pleas, Case No. 07 CR 000223.

Judgment: Affirmed.

*Charles E. Coulson,* Lake County Prosecutor, and *Karen A. Sheppert,* Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*Joseph R. Klammer,* The Historic Mentor Center Street School, 7482 Center Street, Unit 6, Mentor, OH 44060 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Charles H. Ware, appeals from the judgment of the Lake County Court of Common Pleas, denying his "Motion to Conduct Allied Offense Analysis." We affirm the trial court's judgment.

{¶2} Appellant was indicted on April 9, 2007, on one count of rape, an aggravated felony of the first degree; one count of burglary, an aggravated felony of the second degree; one count of kidnapping, an aggravated felony of the first degree; and

two counts of felonious assault, each aggravated felonies of the second degree. On April 13, 2007, appellant was arraigned and pleaded "not guilty" to all charges. Appellant subsequently entered a written plea of guilty to the rape, burglary, and felonious assault charges. The trial court entered a nolle prosequi on the remaining charges.

{¶3} On August 8, 2007, appellant was sentenced to an indefinite term of imprisonment for a minimum of 10 years and a maximum of 25 years on the rape count; a minimum of 8 years and a maximum of 15 years on the burglary count; and a minimum of 3 years and a maximum of 15 years on the felonious assault count. The terms were ordered to be served consecutively to one another for a total prison term of 21 to 55 years. Appellant appealed and in *State v. Ware*, 11th Dist. Lake No. 2007-L-1564, 2008-Ohio-3992, this court affirmed his convictions.

{¶4} On June 6, 2014, appellant filed a Motion to Conduct Allied Offense Analysis, alleging a double jeopardy violation and requesting the trial court to merge certain crimes to which he pleaded. The trial court denied the motion, reasoning that res judicata barred appellant from raising the merger issue. Appellant now appeals and assigns the following error for our review:

{¶5} "The trial court erred in denying the Motion to Conduct Allied Offenses Analysis."

{¶6} Appellant argues the trial court erred when it denied its motion to conduct the allied offense analysis, pursuant to *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, because *Johnson* did not simply announce a new rule of decisional law, but

2

functioned to interpret or clarify R.C. 2941.25, Ohio's merger statute.[1] As a result, appellant maintains, the trial court erred in concluding the doctrine of res judicata barred his motion because, even though *Johnson* had not been decided when his conviction became final, its holding represented the correct interpretation of the law from the enactment of R.C. 2941.25, which preceded the date on which his conviction became final. Accordingly, appellant concludes, *Johnson* should retroactively apply to this matter, in which case, he would be entitled to an allied offense hearing. We do not agree with appellant's postulation.

{¶7} First of all, it is unclear the trial court had jurisdiction to rule on appellant's motion. Generally, a "merger" argument is essentially a challenge premised upon one's right to be free from being placed in double jeopardy. When a motion is filed seeking to vacate a judgment premised upon double jeopardy grounds after a direct appeal, it is generally treated as a petition for post-conviction relief. *See State v. Sturdivant*, 8th Dist. Cuyahoga No. 98747, 2013-Ohio-584, ¶7. Appellant's motion, however, neither sought to vacate the underlying judgment nor argued the sentence was void; rather, it simply requested the court to conduct a post hoc merger analysis in light of *Johnson, supra*. Once a valid, final judgment is entered, however, a trial court does not possess the jurisdiction to reopen the matter and adjust the underlying sentence. *State v. Gilbert*, 143 Ohio St.3d 150, 2014-Ohio-4562, ¶9 ("[o]nce a final judgment has been issued

---

1. *Johnson* has since been clarified in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995; *Ruff*, however, has no bearing on the issue before this court.

3

pursuant to Crim.R. 32, the trial court's jurisdiction ends.") Accordingly, the trial court arguably lacked jurisdiction to rule upon appellant's request.[2]

{¶8} Assuming, however, the court possessed jurisdiction to address the motion, we find it did not err in overruling the same. Appellant's position that *Johnson* should be applied retroactively is premised upon the assumption that *Johnson* represented a declaration of the correct interpretation of Ohio's merger statute from its effective date. This premise, however, is flawed. The Supreme Court in *Johnson* did not simply clarify R.C. 2941.25, but expressly overruled *State v. Rance*, 85 Ohio St.3d 632 (1999). Prior to *Johnson*, *Rance* represented the Ohio Supreme Court's interpretation of R.C. 2941.25 and, as a result, the *Rance* test for allied offenses governed all merger-related issues. In overruling *Rance*, *Johnson* represented a *new interpretation* of R.C. 2941.25, not a declaration of the correct statement of the law at the time appellant's conviction became final.

{¶9} The Supreme Court of Ohio has endorsed the above analysis. In *State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973, the court observed:

> {¶10} We have recognized an exception to the rule against retroactivity in cases in which we address the meaning of a statute *for the first time*. In that situation, the rule against retroactive application does not apply, because we are not announcing a new rule of law but instead are determining what the relevant statutes have meant since their enactment. *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126 ¶23-25; *Agee v. Russell*, 92 Ohio St.3d 540, 543-544 (2001). The exception does not apply in this case, because "*Johnson* did not merely clarify section 2941.25, but expressly overruled [prior case law] and changed more than a decade of Ohio allied-offenses jurisprudence." *Volpe v. Trim*, 708 F.3d 688, 703 (6th Cir. 2013). (Emphasis added.) *Ketterer*, *supra*, at ¶14.

---

2. Even if appellant framed his motion as a challenge to the trial court's subject matter jurisdiction, alleged "merger" errors are not jurisdictional in nature. *Smith v. Voorhies*, 119 Ohio St.3d 345, 2008-Ohio-4479, ¶10.

**{¶11}** Accordingly, *Johnson* does not apply retroactively and, even if appellant was entitled to an allied offense hearing, the former, now-overruled *Rance* test would apply. Because, however, the failure to merge sentences does not render a judgment void, but merely voidable, the doctrine of res judicata precludes such an analysis. *See, e.g., State v. Dukes*, 11th Dist. Portage Nos. 2011-P-0098 and 2011-P-0099, 2012-Ohio-3033, ¶9 (holding "when an appellant does not raise the issue of allied offenses of similar import in a timely direct appeal, the challenge is barred by the doctrine of res judicata.")

**{¶12}** Notwithstanding the Supreme Court's statement in *Ketterer*, appellant maintains that, in the interest of justice, this court should not apply res judicata to bar his motion to conduct an allied offense analysis pursuant to *Johnson.* He notes that res judicata is not a strict rule to be applied so rigidly that the ends of justice are defeated. *See, e.g., State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶25-27. In appellant's estimation, applying res judicata to his case creates a potential double jeopardy violation; to the extent the fundamental right to be free from double jeopardy is at play, appellant maintains the underlying policy interests inhering the application of res judicata are overridden. We do not agree with appellant's postulation.

**{¶13}** Although we appreciate appellant's argument, the mere possibility of a constitutional error does not abrogate the application of res judicata. Any alleged constitutional error that could have been raised and fully litigated on direct appeal is res judicata and cannot be resurrected in a subsequent post-conviction proceeding. *See, e.g., State v. Jones*, 11th Dist. Ashtabula No. 2000-A-0083, 2002 Ohio App. LEXIS 1981, *3 (Apr. 26, 2002). Because appellant had an opportunity, albeit under *Rance*, to

5

raise this issue on direct appeal, the ends of justice are not compromised by applying the doctrine of res judicata to the instant motion.

{¶14}  Appellant's assignment of error therefore lacks merit.

{¶15} For the reasons discussed in this opinion, the judgment of the Lake County Court of Common Pleas is affirmed.


TIMOTHY P. CANNON, P.J.,

DIANE V. GRENDELL, J.,

concur.