[Cite as *State v. Withrow*, 2017-Ohio-8195.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CLARK COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO.   2017-CA-36 |
| | : | |
| v. | : | T.C. NO. 14-CR-632 |
| | : | |
| TIMOTHY M. WITHROW | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ____13th___ day of _____October_____, 2017.

. . . . . . . . . . .

ANDREW P. PICKERING, Atty. Reg. No. 0068770, Assistant Prosecuting Attorney, 50 E. Columbia Street, Suite 449, Springfield, Ohio 45502
        Attorney for Plaintiff-Appellee

TIMOTHY M. WITHROW, #713-871, Madison Correctional Institute, P. O. Box 740, London, Ohio 43140
        Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1}   Timothy M. Withrow appeals from a judgment of the Clark County Court of Common Pleas, which denied his petition for postconviction relief without a hearing.   For the following reasons, the judgment of the trial court will be affirmed.

{¶ 2}   Withrow's offenses related to a series of armed robberies over a three-day

span in September 2014. One robbery involved the brandishing of a weapon at a cashier at a convenience store/drive-thru, in which about $200 was stolen. The next day, a Subway restaurant was robbed of $150 by a man with a weapon. On the third day, a BP station was robbed by an armed man. Withrow was indicted on three counts of aggravated robbery, first degree felonies, with a firearm specification as to each. In early 2015, Withrow entered a plea agreement in which he pled guilty to counts one and two; count three and the three gun specifications were dismissed.

{¶ 3} Through a sentencing memorandum, Withrow's statement at the sentencing hearing, and a presentence investigation, it was established that Withrow, age 27, had three minor children that he had been raising with their mother, that he had been gainfully employed, but had become addicted to pain pills and later to heroin, and that he had sought treatment for his addiction in jail. The PSI stated that, as an adult, Withrow had committed only minor traffic offenses and one domestic violence charge (which was reduced to a lesser misdemeanor offense), although his juvenile record was "fairly extensive." Withrow also expressed remorse.

{¶ 4} The court sentenced Withrow to two consecutive nine-year terms. He appealed, and we affirmed his conviction. We denied his subsequent application to reopen his appeal (Decision and Entry, September 9, 2016). His appeals to the supreme court were not allowed. *State v. Withrow*, 146 Ohio St.3d 1504, 2016-Ohio-5792, 58 N.E.3d 1175; *State v. Withrow*, 147 Ohio St.3d 1446, 2016-Ohio-7854, 63 N.E.3d 1215.

{¶ 5} On October 11, 2016, 17 months after the transcript was filed in his direct appeal, Withrow filed a petition for postconviction relief.[1] The petition asserted 1) that

---

[1] On October 7, 2016, Withrow also filed a Crim.R. 32.1 motion to withdraw his plea, which

the State had "failed to provide critical factual information" to the defense, namely that a clerk of the drive-thru Withrow was convicted of robbing had stolen additional money from the store's safe, and 2) that the trial court should not have relied on his juvenile record in imposing consecutive sentences, because his record had been relatively clean as an adult. With respect to each claim, he asserted in his petition that he had not provided supporting evidence because he needed the assistance of an attorney or expert to produce the evidence. Withrow did not make any argument or present any evidence related to the untimeliness of his petition (as discussed below).

{¶ 6} Withrow attached his own affidavit to his petition. The affidavit mentioned -- but only in passing – "misleading evidence" provided by the prosecuting attorney; the rest of the affidavit focused on the appropriateness of Withrow's sentence. Withrow also attached two police memoranda regarding the drive-thru robbery. We note that the lawfulness of Withrow's sentence was raised and thoroughly addressed in Withrow's direct appeal.

{¶ 7} The State did not respond to the petition.

{¶ 8} At 12:37 p.m. on October 31, 2016, Withrow filed a motion to amend his petition (with the amended petition attached) to add a claim for ineffective assistance of counsel and denial of due process (both apparently based on his trial counsel's alleged misrepresentation to him about the sentence that would be imposed). No new evidentiary material was attached to this petition. We note that Withrow was permitted to amend his petition without leave of court, because the State had not filed a response or any motion. R.C. 2953.21(F); *State v. Murphy*, 10th Dist. Franklin No. 15AP-460,

has not been ruled on and is not part of this appeal.

2015-Ohio-4282, ¶ 20. Later that same day, the trial court overruled Withrow's petition for postconviction relief; the judgment summarily stated: "Upon review of the record and defendant's pleadings, the Court finds defendant's petition to vacate or set aside sentence and conviction not well taken and [it] is hereby OVERRULED."

**{¶ 9}** Withrow filed a notice of appeal from the trial court's judgment. On March 3, 2017, we filed a Decision and Entry, in which we found that the trial court's order was not a final appealable order because it lacked findings of fact and conclusions of law. We instructed the trial court to enter the required findings and conclusions. On March 9, 2017, the trial court entered a judgment that included findings of fact and conclusions of law, and it reiterated its denial of Withrow's petition for postconviction relief.

**{¶ 10}** Withrow appeals, raising one assignment of error. He asserts that the trial court erred in denying his petition and in failing to conduct a hearing on the petition.

### *Standard of Review*

**{¶ 11}** A post-conviction proceeding is not an appeal from a criminal conviction; rather, it is a "civil collateral attack on a criminal judgment." *State v. Wells*, 2d Dist. Montgomery No. 22389, 2008-Ohio-4932, ¶ 11, citing *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999). We review a denial of a petition for postconviction relief for which no hearing was held under an abuse of discretion standard. *State v. Harden,* 2d Dist. Montgomery 23617, 2010-Ohio-3343, ¶ 10, citing *State v. Hicks*, 4th Dist. Highland No. 09CA15, 2010-Ohio-89, ¶ 10 (surveying other Ohio courts). An abuse of discretion occurs when the trial court's decision is unreasonable, arbitrary, or unconscionable. *State v. Turner*, 2d Dist. Montgomery No. 27350, 2017-Ohio-4101, ¶ 5, citing *State v. Jenkins,* 2d Dist. Montgomery No. 27173, 2017-Ohio-1073, ¶ 10.

{¶ 12} R.C. 2953.21(D) provides that, before granting a hearing on a petition for postconviction relief, the trial court shall determine whether there are substantive grounds for relief. A petitioner in a postconviction relief proceeding bears the initial burden of submitting evidentiary documents with sufficient facts to demonstrate a constitutional deprivation, such as ineffective assistance of counsel, that would merit a hearing. *State v. Jackson*, 64 Ohio St.2d 107, 111, 413 N.E.2d 819 (1980), syllabus. Broad conclusory allegations are insufficient, as a matter of law, to require a hearing. *Id.* A petition for postconviction relief may be properly denied without a hearing where the petition, its supporting evidence, and the record "do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief." *Id.* at 289.

### Timeliness

{¶ 13} Pursuant to R.C. 2953.21(A)(2), Withrow was required to file a petition for postconviction relief "no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication * * *." The transcript was filed in his direct appeal on May 11, 2015, and his petition for postconviction relief was filed on October 11, 2016. Thus, Withrow's petition was not filed within 365 days, as required by R.C. 2953.21(A)(2).

{¶ 14} Under R.C. 2953.23(A)(1) and (2), exceptions to the 365-day rule exist where the petitioner can show that 1) he or she was unavoidably prevented from discovering the facts upon which he or she must rely to present the claim for relief or that the United States Supreme Court has recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which

he or she was convicted; or 2) the petitioner was convicted of a felony and is an offender for whom DNA testing was performed and, analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case, the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense. Withrow did not present any evidence related to or argue that any of these exceptions applied in his case.

{¶ 15} Because Withrow's petition was untimely and none of the exceptions applied, the trial court could have properly overruled his petition on that basis.

### *Evidence of Constitutional Violation*

{¶ 16} Withrow attached to his petition an "Inter-Office Communication" from the Springfield Police Division, which recounted the store clerk's version of the robbery and the fact that parts of her story were discredited by a store security video; the memo indicated that the clerk at the convenience store/drive-thru had taken some money from the store safe after Withrow stole money from the cash register drawer and before the police arrived. According to the memo, the suspect (Withrow) was depicted on the video reaching into the cash drawer, and the "robbery of the money from the cash drawer was apparently legitimate," but the clerk had fabricated an additional theft from the safe. In regard to the alleged constitutional violation, Withrow presented no evidence that the State had withheld this or any other information about the offenses from him.

{¶ 17} Withrow's petition and affidavit could imply, but certainly do not directly assert, that the discrepancy between the clerk's account and the video were unknown to him when he pled guilty. Again, he has presented no evidence to support such an inference. Likewise, his amended petition presented no evidentiary material that his trial

counsel had misrepresented the plea agreement or somehow "coerced" the plea.

{¶ 18} Moreover, there was no trial at which the "Judge/court" could have been misled, as Withrow suggests. In any event, Withrow's guilty plea constituted a complete admission of guilt. The court could have reasonably concluded that Withrow had not met his initial burden of submitting evidentiary documents to demonstrate a constitutional deprivation that merited a hearing.

{¶ 19} The other argument in Withrow's petition was that the court erred in weighing the sentencing factors and imposing the sentence that it did; in particular, he argues that the trial court gave too much weight to his juvenile convictions. As mentioned above, this issue was raised in Withrow's direct appeal. *State v. Withrow*, 2016-Ohio-2884, 64 N.E.3d 553 (2d Dist.). On appeal, the argument was decided against him, albeit by a divided panel, and "cannot be resurrected in a subsequent post-conviction proceeding." *State v. Ware*, 11th Dist. Lake No. 2014-L-76, 2015-Ohio-5206, ¶ 13. It is barred by res judicata. "Res judicata" means that a final decision has previously been made; it serves to preclude a party who had had his or her day in court from seeking a second hearing on the same issue. *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, ¶ 18; *Jones v. Mohler*, 2d Dist. Montgomery No. 27105, 2017-Ohio-2683, fn.1.

{¶ 20} The trial court did not abuse its discretion in overruling Withrow's petition for postconviction relief without a hearing.

{¶ 21} The assignment of error is overruled.

{¶ 22} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and TUCKER, J., concur.

Copies mailed to:

Andrew P. Pickering
Timothy M. Withrow
Hon. Douglas M. Rastatter