[Cite as *State v. Cole*, 2019-Ohio-2821.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,          :

                                No. 106931

    v.                                   :

GEORGE ALLEN COLE,                      :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 11, 2019

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-14-590944-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and John D. Kirkland, Assistant Prosecuting Attorney, *for appellee.*

Allison S. Breneman, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, George Allen Cole, appeals from the sentence imposed by the trial court upon resentencing, arguing that the court erred in imposing consecutive sentences. Finding no merit to the appeal, we affirm.

## I.  Background

{¶ 2}  Cole, his brother, and his girlfriend were indicted in three cases relating to six burglaries that occurred from July 19, 2014, through August 26, 2014, in Cleveland, Fairview Park, and Rocky River.  In Cuyahoga C.P. No. CR-14-590944-B, Cole was charged with four counts of burglary, four counts of theft, two counts of criminal damaging, and one count each of forgery and misuse of credit cards.  In Cuyahoga C.P. No. CR-14-589681-A, Cole was charged with burglary and theft.  In Cuyahoga C.P. No. CR-14-588878-B, Cole was charged with burglary, theft, and criminal damaging.

{¶ 3}  Cole was also charged in Cuyahoga C.P. No. CR-14-585523-A with drug possession and endangering children.  He pleaded no contest to the indictment, and the case was continued for sentencing after Cole's trial on the remaining three cases.  (Cole's codefendants pleaded guilty to amended indictments in the three cases.)

{¶ 4}  The state's theory at trial was that Cole and his brother would "case" westside neighborhoods in broad daylight, looking for houses in which the homeowners had left for work.  *State v. Cole*, 8th Dist. Cuyahoga Nos. 103187, 103188, 103189, and 103190, 2016-Ohio-2936, ¶ 4.  Cole drove his girlfriend's SUV and would drop his brother off near the intended targets, while he waited in the SUV.  *Id.*  Cole's brother would break into the homes and steal jewelry, coins, and other valuables.  *Id.*  Cole's girlfriend would then take the valuables to various pawn shops

and sell them. *Id.* The group kept a logbook that detailed the homes they had burglarized and the properties they were targeting. *Id.* at ¶ 5.

{¶ 5} After a five-day trial during which the jury heard from 24 witnesses and viewed over 90 exhibits, the jury convicted Cole of all charges. *Id.* at ¶ 30. The trial court subsequently sentenced him to an aggregate term of 48 years in prison. *Id.*

{¶ 6} On appeal, Cole challenged, among other alleged errors, the sufficiency and manifest weight of the evidence supporting his convictions. *Id.* at ¶ 32. This court affirmed all of Cole's convictions, with the exception of two burglary counts in Cuyahoga C.P. No. CR-14-590944-B. This court determined that on those two counts (Counts 26 and 29), the state had failed to establish the "likely to be present" element of R.C. 2911.12(A)(2). *Id.* at ¶ 45. This court found, however, that the evidence supported a finding of guilty on the lesser included offense of burglary under R.C. 2911.12(A)(3), a third-degree felony. *Id.* at ¶ 46. Accordingly, this court modified the trial court's judgment of conviction on Counts 26 and 29 to find Cole guilty of burglary under R.C. 2911.12(A)(3), and remanded with instructions that the court resentence him on those counts. *Id.*

{¶ 7} Cole also argued on appeal that his 48-year prison sentence was "greatly disproportionate" to that of his brother and girlfriend, and amounted to "cruel and unusual punishment." *Id.* at ¶ 74. He argued further that the trial court had failed to make the requisite statutory findings to impose consecutive sentences, his 48-year prison sentence "was inconsistent with felony guidelines and an abuse

of the trial court's discretion," and the record did not support consecutive sentences. *Id.* at ¶ 74, 88.

{¶ 8}   After noting that its analysis did not apply to the two burglary counts upon which Cole was to be resentenced,[1] this court rejected Cole's argument that the trial court had failed to sentence him consistently with the other offenders and that his sentence was harsher than theirs because he chose to go to trial rather than take a plea.  *Id.* at ¶ 83.  This court found there was no evidence in the record that the trial court acted vindictively in imposing the sentence, and that Cole had failed to provide any such evidence.  *Id.*

{¶ 9}   This court also rejected Cole's argument that his sentence should have been more "in line" with the 21-year sentence his brother received.  *Id.* at ¶ 84.  This court found that Cole was convicted of more offenses than his brother and, further, that Cole's brother showed remorse, while Cole showed none.  *Id.* at ¶ 91.  Further, this court found that at sentencing, the trial court "considered Cole's extensive criminal history, his presentence investigation report, the arguments of counsel, Cole's statement, and what occurred during trial, including Cole's troubling behavior," which this court noted included "making gestures and mouthing words to female jurors and the trial judge herself."  *Id.* at ¶ 86.  This court concluded that "there is no doubt that by the time Cole was sentenced, the trial court had gained a greater appreciation of the details of the charged crimes and insight into Cole's

---

[1] The court found that because Cole was to be resentenced on the two burglary counts, his sentence at that point was 32 years in prison with the possibility of another 36 months in prison on each burglary conviction.  *Id.* at ¶ 84, fn. 2.

character, having presided over a lengthy trial that included 24 witnesses and 91 exhibits." *Id.* Accordingly, this court found that in imposing Cole's sentence, the trial court had considered the statutory purposes and principles of felony sentencing, as well as the seriousness, recidivism, and mitigating sentencing factors, and had properly exercised its discretion in imposing sentence. *Id.* at ¶ 87.

{¶ 10} With respect to consecutive sentences, this court found that the trial court made the requisite statutory findings at sentencing to impose consecutive sentences. *Id.* at ¶ 92. Further, this court found that the trial court did not err in finding that Cole's consecutive sentences were not disproportionate to the seriousness of his conduct because the trial court found that many of the burglary victims were elderly, traumatized by the burglaries, and lost precious family heirlooms as a result of the burglaries. *Id.* at ¶ 91-92. In addition, the trial court found that records obtained from Cole's vehicle indicated that Cole and his brother had a chart of the numerous houses they had robbed or intended to rob, and that Cole and his brother "rode around * * * and pilfered communities and streets." *Id.* at ¶ 90.

{¶ 11} This court found that the trial court's sentencing journal entries did not include the consecutive sentence findings, however, and accordingly, it remanded for the trial court to enter nunc pro tunc sentencing entries that incorporated the findings. *Id.*

{¶ 12} At resentencing, the trial court sentenced Cole to 36 months each on the two third-degree felony burglary convictions in Cuyahoga C.P. No. CR-14-

590944-B and ordered that the sentences be served consecutively, and consecutive to the other previously imposed sentences. Accordingly, Cole's aggregate prison sentence is now 38 years. This appeal followed.

## II. Law and Analysis

{¶ 13} In his single assignment of error, Cole argues that the trial court erred in imposing consecutive sentences.

{¶ 14} Initially, we find that the trial court properly imposed consecutive sentences on the two burglary counts at resentencing.

{¶ 15} Consecutive sentences may be imposed only if the trial court makes the required findings pursuant to R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 20-22. Under the statute, consecutive sentences may be imposed if the trial court finds that (1) consecutive sentences are necessary to protect the public from future crime or to punish the offender, and (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition, the court must find that any one of the following applies:

> (1) the offender committed one or more of the multiple offenses while awaiting trial or sentencing, while under a sanction, or while under postrelease control for a prior offense;
>
> (2) at least two of the multiple offenses were committed as part of one or more courses of the conduct, and the harm caused by two or more of the offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct; or

> (3) the offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

**{¶ 16}** In order to impose consecutive terms of imprisonment, a trial court must both make the statutory findings mandated for consecutive sentences under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate those findings into its sentencing entry. *Bonnell* at the syllabus.

**{¶ 17}** Here, in imposing consecutive sentences on the two burglary counts, the trial court found that consecutive sentences (1) were necessary to protect the public from future crime and to punish Cole, (2) were not disproportionate to the seriousness of his conduct, and (3) that Cole's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by Cole. (Tr. 16.) Accordingly, the court made the necessary findings under R.C. 2929.14(C)(4) to impose consecutive sentences. Additionally, the journal entry of sentencing contains the trial court's findings. The trial court did not err, therefore, in imposing consecutive sentences on the two burglary counts upon which it resentenced Cole.

**{¶ 18}** Cole's arguments, however, all pertain to his total sentence of 38 years incarceration on the three cases he took to trial and the fourth case to which he pleaded guilty, which the trial court ordered were to be served consecutively. Specifically, Cole contends that the consecutive sentences are disproportionate to his conduct because he was merely the "getaway driver" and "lookout" for the burglaries and did not actually enter the homes to commit the burglaries. He further

contends that his 38-year sentence is "unduly harsh" when compared to the sentences his codefendants received, and "against the sentencing guidelines." He also contends that he was "punish[ed] for exercising his constitutional right" to go to trial. These arguments are barred by res judicata.

{¶ 19} The doctrine of res judicata bars the further litigation of issues that were or could have been raised previously in a direct appeal. *State v. Leek*, 8th Dist. Cuyahoga No. 74338, 2000 Ohio App. LEXIS 2909, 3 (June 21, 2000), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. In Cole's direct appeal of his convictions, this court considered and rejected Cole's argument that consecutive sentences were disproportionate to his conduct. *Cole*, 8th Dist. Cuyahoga Nos. 103187, 103188, 103189, and 103190, 2016-Ohio-2936, at ¶ 92. This court also rejected Cole's argument that his sentence was harsher than that of his codefendants because he chose to go to trial rather than take a plea. *Id.* at ¶ 83. This court also rejected Cole's argument that the trial court failed to sentence him consistently with his codefendants, and that his sentence was unduly harsh when compared to that received by his brother, who actually committed the burglaries. *Id.* at ¶ 83-86. And this court rejected Cole's argument that his sentence was against the sentencing guidelines set forth in R.C. 2929.11 and 2929.12, noting that the trial court considered the purposes and principles of sentencing set forth in the statutes, and that the trial court properly exercised its discretion in imposing Cole's lengthy prison sentence. *Id.* at ¶ 86-87. Because Cole raises the same issues

this court previously considered and rejected in his direct appeal, they are barred by the doctrine of res judicata.

{¶ 20} Moreover, this court's remand from Cole's direct appeal was limited to resentencing in Cuyahoga C.P. No. CR-14-590944-B on two burglary counts and the issuance of nunc pro tunc sentencing entries to incorporate the trial court's consecutive-sentence findings. Thus, all other issues related to Cole's convictions, including the imposition of consecutive sentences on the four cases, were res judicata at the time of resentencing. *See State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973, 18 N.E.3d 1199, ¶ 24, 27. The limited remand did not affect the finality of this court's holding that the trial court properly imposed consecutive sentences nor did it open the issue of consecutive sentences to further review after resentencing.

{¶ 21} The assignment of error is therefore overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
RAYMOND C. HEADEN, J., CONCUR

**KEYWORDS:**