[Cite as *State v. Priest*, 2019-Ohio-4901.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
WOOD COUNTY

| | |
|---|---|
| State of Ohio | Court of Appeals No. WD-18-071 |
| Appellee | Trial Court No. 2016CR0597 |
| v. | |
| Brian E. Priest | **DECISION AND JUDGMENT** |
| Appellant | Decided: November 27, 2019 |

* * * * *

Paul A. Dobson, Wood County Prosecuting Attorney, and
David T. Harold, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant, Brian Priest, appeals the September 10, 2018 judgment of the Wood County Court of Common Pleas sentencing him to 22 months in prison. For the following reasons, we affirm.

## I. Background and Facts

{¶ 2} On December 8, 2016, Priest was indicted in case No. 2016CR0597 on one count of aggravated possession of drugs in violation of R.C. 2925.11(A), a fifth-degree felony.[1]

{¶ 3} Priest pleaded guilty to the charge in the indictment. The trial court withheld making a finding on Priest's plea and placed him on intervention in lieu of conviction for a period of 18 months.

{¶ 4} Nearly a year after Priest entered his plea, the state filed a petition for an intervention in lieu of conviction violation. At the hearing on the petition, Priest stipulated to the violation. Consequently, the trial court accepted his earlier guilty plea, found him guilty of aggravated possession of drugs, and terminated his intervention in lieu of conviction.

{¶ 5} At Priest's sentencing hearing, the trial court heard statements from counsel and Priest and reviewed Priest's lengthy criminal record. His record included, among other things, convictions of domestic violence (including one that was a felony), assault, disorderly conduct, and drug charges. After reviewing Priest's record, the trial court sentenced him to 11 months in prison. It ordered the prison term to be served

---

[1] In May 2016, Priest was indicted in case No. 2016CR0242 on one count of trafficking in heroin in violation of R.C. 2925.03(A)(1), a fifth-degree felony. The trial court sentenced Priest in this case and in case No. 2016CR0242 on September 7, 2018. Priest did not properly appeal the trial court's sentence in case No. 2016CR0242, however, so that case is not before us.

2.

consecutively to the 11-month prison term it imposed in case No. 2016CR0242 for an aggregate sentence of 22 months. The court found that consecutive sentences were necessary to protect the public from future crime or to punish Priest and were not disproportionate to Priest's conduct of selling drugs and the danger Priest poses to the public "considering his past violent behavior." The court further found that Priest committed the offense while on community control through the Bowling Green Municipal Court and that Priest's criminal history showed that consecutive sentences were needed to protect the public.

{¶ 6} In its September 10, 2018 sentencing entry, the trial court noted that it had considered the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. It specifically mentioned the factors in R.C. 2929.12(B)(7) and (D)(1), (2), (3), and (4). Regarding the consecutive sentences, the sentencing entry reiterated that (1) consecutive sentences were appropriate to protect the public from future crime by Priest and necessary to punish Priest, (2) consecutive sentences were not disproportionate to the seriousness of Priest's conduct and the danger he presents to the public, (3) Priest committed the offense while under community control sanctions, and (4) Priest's criminal history showed that consecutive sentences were necessary to protect the public.

3.

{¶ 7} Priest now appeals, raising two assignments of error:

I. The Trial Court abused its discretion when it imposed a consecutive prison sentence in violation of RC 2929.14(C)(4).

II. The Trial Court abused its discretion when it imposed a sentence without considering the sentencing factors under RC 2929.11 and 2929.12.

## II. Law and Analysis

### A. The trial court properly imposed consecutive sentences.

{¶ 8} In his first assignment of error, Priest argues that the trial court improperly imposed consecutive sentences because (1) the trial court failed to provide any explanation for its findings under R.C. 2929.14(C)(4); (2) Priest committed the offense while under community control sanctions for a misdemeanor, not a felony as required by R.C. 2929.14(C)(4)(a); and (3) Priest's criminal history does not show that consecutive sentences were necessary. The state responds that the trial court was not required to give its reasons for making its findings under R.C. 2929.14(C)(4) and that the sentencing entry included all of the necessary findings.

{¶ 9} We review sentencing challenges under R.C. 2953.08(G)(2). The statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

4.

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶ 10} A sentence is not clearly and convincingly contrary to law where the trial court sentences the defendant within the statutorily permissible range, properly applies postrelease control, and considers the principles and purposes of sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12. *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18; *see also State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 15-16 (recognizing that, although sentences are reviewed pursuant to R.C. 2953.08 and not under the abuse of discretion standard announced in *Kalish*, an appellate court can still use *Kalish* to guide its determination of whether a sentence is clearly and convincingly contrary to law).

{¶ 11} If the appellate court finds that a sentence is not clearly and convincingly contrary to law, it may vacate or modify the sentence "only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23. Notably, "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion." R.C. 2953.08(G)(2); *Marcum* at ¶ 22-23.

{¶ 12} Before imposing consecutive sentences, a trial court is required to make three findings: (1) consecutive sentences are "necessary to protect the public from future crime or to punish the offender * * *;" (2) imposition of consecutive sentences is not

5.

"disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public * * *;" and (3) one of the factors in R.C. 2929.14(C)(4)(a) to (c) applies. R.C. 2929.14(C)(4). Subsections (a) to (c) permit the trial court to impose consecutive sentences if: (a) the defendant committed at least one of the offenses while awaiting trial or sentencing, under community control sanctions imposed under R.C. 2929.16 to .18, or on postrelease control; (b) the defendant committed at least two offenses as part of a course of conduct and caused harm "so great or unusual that no single prison term for any of the offenses * * * adequately reflects the seriousness of the offender's conduct;" or (c) the defendant's criminal history shows that consecutive sentences are necessary to protect the public from future crime by the defendant.

{¶ 13} A sentencing court must make its findings under R.C. 2929.14(C)(4) at the sentencing hearing and incorporate them into the sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, syllabus. The trial court is not required to state the reasons behind its findings, however. *Id.* Thus, the trial court's "mere regurgitation" of the statute is sufficient to support the imposition of consecutive sentences. *State v. Braswell*, 6th Dist. Lucas No. L-16-1197, 2018-Ohio-3208, ¶ 40, citing *State v. Ault*, 6th Dist. Ottawa No. OT-13-037, 2015-Ohio-556, ¶ 12.

{¶ 14} The transcript of Priest's sentencing hearing shows that the trial court made the findings required by R.C. 2929.14(C)(4):

> The Court is going to order that the eleven months in 2016-CR-0597 be served consecutively to the case in 2016-CR-0242.

6.

Because it is necessary to protect the public from future crime or to punish the offender in this case, and also it's not disproportionate to the offender's conduct, that is, selling of drugs, heroin in this case, and to the danger the offender poses to the public considering his past violent behavior.

Further, the crimes were committed while on community control from the Bowling Green Municipal Court. And his criminal history shows that consecutive terms are needed to protect the public.

The court also included its R.C. 2929.14(C)(4) findings in the sentencing entry. This is all that was required for the trial court to impose consecutive sentences. *See Bonnell* at syllabus; *State v. Nierman*, 6th Dist. Ottawa No. OT-15-020, 2017-Ohio-672, ¶ 14-15.

{¶ 15} Priest also argues—and we agree—that the trial court improperly relied on R.C. 2929.14(C)(4)(a) to impose consecutive sentences. Under that subsection, a defendant being under community control sanctions only justifies consecutive sentences if the sanctions were imposed under R.C. 2929.16 to .18, which all relate to community control sanctions imposed for *felony* convictions. Community control sanctions for misdemeanor convictions are found in R.C. 2929.26 to .28 and are not included in R.C. 2929.14(C)(4)(a). Thus, a defendant committing an offense while on community control in a misdemeanor case is insufficient to support a finding under R.C. 2929.14(C)(4)(a). *State v. Cole*, 3d Dist. Logan No. 8-18-26, 2018-Ohio-4646, ¶ 16. Regardless, the trial court also found under R.C. 2929.14(C)(4)(c) that Priest's "criminal history shows that

7.

consecutive terms are needed to protect the public," which is sufficient to support the imposition of consecutive sentences. We conclude, therefore, that the imposition of consecutive sentences was not clearly and convincingly contrary to law.

{¶ 16} Moreover, Priest has not shown that the record clearly and convincingly fails to support consecutive sentences. Although Priest contends that his criminal history of misdemeanor convictions is "borderline limited compared to others who come through the court," the presentence investigation report shows that Priest has a criminal record that spans 30 years and includes one felony conviction, 14 traffic convictions, and 29 misdemeanor convictions. The trial court considered Priest's domestic violence and assault convictions to be "violent indicators." The court also noted that Priest had "a long history all related to substance abuse issues," including convictions of disorderly conduct, criminal damaging, an underage alcohol offense, resisting arrest, domestic violence, possession of drug paraphernalia, possession of marijuana, passing bad checks, disorderly conduct, criminal trespass, OVI, assault, theft, permitting drug abuse, and possessing a drug abuse instrument. Additionally, Priest's continued recidivism shows that he has not responded well to prior sanctions, many of which involved community control. This is sufficient to support a finding under R.C. 2929.14(C)(4)(c) that Priest's "history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender." *See, e.g., State v. Chaney*, 2d Dist. Clark No. 2015-CA-116, 2016-Ohio-5437 (R.C. 2929.14(C)(4)(c) finding supported by defendant's 30-year criminal history that included offenses of violence and offenses similar to the one

8.

of which he was convicted, defendant's failure to respond favorably to previous sanctions, and defendant's lack of remorse).

{¶ 17} Because the trial court made the findings required by R.C. 2929.14(C)(4) and Priest has failed to show by clear and convincing evidence that the trial court's findings are not supported by the record, we find that the trial court properly imposed consecutive sentences. Priest's first assignment of error is not well-taken.

**B. The trial court properly considered R.C. 2929.11 and 2929.12.**

{¶ 18} In his second assignment of error, Priest argues that there is no indication the trial court considered the factors in R.C. 2929.11 and 2929.12 on the record and the court abused its discretion by imposing a nonminimum sanction. The state responds that we have upheld sentences based on sentencing entries that were very similar to the one in this case and the trial court's consideration of the factors in R.C. 2929.11 and 2929.12 is presumed.

{¶ 19} Under R.C. 2929.11(A), the purposes of felony sentencing are "to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." To achieve these purposes, the sentencing court must consider "the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id.* The sentence imposed shall be reasonably calculated to

achieve the overriding purposes, "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). Although the statute requires the trial court to impose "the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources," this does not mean that the court must impose the statutory minimum sentence. *State v. Torres*, 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434, ¶ 18. To the contrary, "the trial court ha[s] full discretion to impose any sentence within the authorized statutory range * * *." *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 6.

{¶ 20} Under R.C. 2929.12, the trial court has discretion to determine the most effective way to comply with the principles and purposes of sentencing in R.C. 2929.11. The statute lists general factors that the trial court must consider relating to the seriousness of the offender's conduct, the likelihood of recidivism, and, if applicable, the offender's service in the U.S. armed forces. The statute also permits the court to "consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). "A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, 960 N.E.2d 1042, ¶ 18 (6th Dist.). Further, the trial court is not required to give any particular weight or emphasis to any factor; it is

10.

merely required to consider the statutory factors. *State v. Burnette*, 6th Dist. Lucas Nos. L-16-1272 and L-16-1273, 2017-Ohio-8424, ¶ 36.

{¶ 21} It is well-recognized that where the record is silent, there is a presumption that the trial court gave proper consideration to R.C. 2929.11 and 2929.12. *State v. Raypole*, 6th Dist. Sandusky No. S-18-045, 2019-Ohio-3019, ¶ 13. It is up to the defendant to rebut this presumption. *Id.* "Thus, the issue before us is whether the record demonstrates that the trial court considered R.C. 2929.11 and 2929.12 in imposing its sentence, not whether the trial court expressly indicated that it did so." *State v. Sims*, 6th Dist. Sandusky No. S-13-037, 2014-Ohio-3515, ¶ 10.

{¶ 22} Here, although the trial court did not specifically cite R.C. 2929.11 or 2929.12 at the sentencing hearing, it is apparent from the transcript that the court considered the statutes. In explaining its rationale for Priest's sentence, the court said:

> So starting with the very beginning the defendant has two charges here, allowed to go on intervention, with a long history of drug abuse, alcohol abuse, and also had related violent indicators including domestic violence and assault. We let him go do intervention in lieu. He goes through intervention in lieu. He does what he minimally has to do to complete it. And then he's terminated from it. Ultimately he's found guilty of the two offenses. The two offenses are not just possession. These are offenses of an individual who is selling drugs and providing them to others.

11.

{¶ 23} Additionally, in the sentencing entry, the court expressly stated that it considered the factors in R.C. 2929.11 and 2929.12 and further explained its reasoning behind the sentence. It found that Priest committed the offense for hire or as part of an organized criminal activity, which is the "more serious" factor in R.C. 2929.12(B)(7). It also found that the recidivism factors in R.C. 2929.12(D)(1) to (4) applied to Priest. Those subsections provide, in pertinent part:

(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing; [or] was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code * * *.

(2) The offender * * * has a history of criminal convictions.

(3) The offender * * * has not responded favorably to sanctions previously imposed for criminal convictions.

(4) The offender has demonstrated a pattern of drug or alcohol abuse that is related to the offense, and the offender refuses to acknowledge that the offender has demonstrated that pattern, or the offender refuses treatment for the drug or alcohol abuse.

R.C. 2929.12(D).

{¶ 24} Essentially, Priest takes issue with the weight the trial court gave to certain statutory factors. But the trial court was not required to give any particular weight to any particular factors. *Burnette*, 6th Dist. Lucas Nos. L-16-1272 and

12.

L-16-1273, 2017-Ohio-8424, at ¶ 36. And Priest does not point to any evidence in the record showing that the trial court failed to consider the statutory factors as required. Because the court considered R.C. 2929.11 and 2929.12, we find that Priest's sentence is not clearly and convincingly contrary to law.

{¶ 25} Moreover, Priest has not shown that his sentence is clearly and convincingly unsupported by the record. As discussed above, the trial court took into account Priest's lengthy criminal record, failed intervention in lieu of conviction, violent crimes, history of substance abuse, and continued recidivism. And although Priest committed the offense while on community control for a misdemeanor, rather than a felony as required by R.C. 2929.12(D)(1), a trial court is permitted to consider "*any* other factors that are relevant * * *" when crafting a sentence. (Emphasis added.) R.C. 2929.12(A). Here, the trial court found the fact that Priest continued to commit crimes while on community control for a misdemeanor sentence relevant to its disposition of Priest's felony case. It was permitted to do so. Priest points to nothing else (other than incorrectly stating that this is Priest's first felony conviction) to support his argument that his 11-month prison sentence is not supported by the record. Thus, we conclude that Priest's sentence was not clearly and convincingly unsupported by the record.

{¶ 26} Because the trial court considered R.C. 2929.11 and 2929.12 and Priest has failed to show by clear and convincing evidence that his sentence is not supported by the record, we find that the trial court properly sentenced Priest. Accordingly, Priest's second assignment of error is not well-taken.

13.

### III.  Conclusion

{¶ 27} Based on the foregoing, the September 10, 2018 judgment of the Wood County Court of Common Pleas is affirmed.  Priest is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.

Thomas J. Osowik, J.

Christine E. Mayle, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.