[Cite as *State v. Ford*, 2020-Ohio-3770.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                    CASE NO. 14-19-31

      v.

GREGORY W. FORD, II,                    O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Union County Common Pleas Court
Trial Court No. 15 CR 0247

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:   July 20, 2020

APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Raymond Kelly Hamilton* **for Appellee**

Case No. 14-19-31

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Gregory W. Ford, II ("Ford") appeals the October 31, 2019 judgment entry of sentencing of the Union County Common Pleas Court. For the reasons that follow, we affirm in part and reverse in part.

{¶2} This case stems from Ford's violations of community control sanctions which ultimately resulted in the imposition of consecutive-prison terms of his convictions arising out of Union and Madison Counties.

{¶3} On December 29, 2015, the Union County Grand Jury indicted Ford on four criminal counts including: Count One of trespass in a habitation in violation of R.C. 2911.12(B), (E), a fourth-degree felony; Count Two of assault in violation of R.C. 2903.13(A), (C), a first-degree misdemeanor; Count Three of resisting arrest in violation of R.C. 2921.33(A), (D), a second-degree misdemeanor; and Count Four of aggravated menacing in violation of R.C. 2903.21(A), (B), a first-degree misdemeanor.[1] (Doc. No. 1).

{¶4} On January 7, 2016, Ford appeared for arraignment and entered pleas of not guilty. (Doc. No. 7). On July 18, 2016, Ford withdrew his pleas of not guilty and entered guilty pleas, under a written plea agreement, with a joint sentencing recommendation. (Doc. Nos. 23, 24). In exchange for his change of pleas, the State

---

[1] By agreement of the parties, the indictment was amended from Gregory William Ford to reflect Ford's correct name and suffix, Gregory William Ford, II. (Doc. Nos. 25, 30).

agreed to dismiss Count Four and to recommend that Ford be sentenced to community control sanctions. (*Id.*).

{¶5} On November 7, 2016, the trial court sentenced Ford to five years of community control sanctions with conditions as to Counts One, Two, and Three. (Doc. No. 30). The sentencing entry specifically informed Ford that, if he failed to complete the term of community control, the trial court may order that he serve 18 months in prison on Count One, 180 days in jail on Count Two, and 90 days in jail on Count Three.[2] (*Id.*). The jail sentences in Counts Two and Three were ordered to run concurrent to the 18-month prison term in Count One.[3] (*Id.*). The judgment entry was filed on November 7, 2016. (*Id.*).

{¶6} On March 5, 2019, Ford admitted to a community-control violation in the trial court. (Doc. No. 51). However, the trial court did not impose the previously suspended prison and jail terms and continued Ford on community control. (*Id.*).

{¶7} On September 20, 2019, the State filed another community-control violation against Ford asserting that "[o]n or about [August 29, 2019 Ford was]

---

[2] The trial court ordered that Ford abide by the following terms and conditions: 1) that he be placed under the supervision of the County Adult Parole Authority ("APA"), with an order to report immediately; 2) that Ford continue treatment and counseling at Recovery Prevention Resources in Delaware, Ohio and meet with John Schott as they agree; 3) that he attend no less than two sober-support meetings each week; 4) that he undergo random drug screens; 5) that he perform 100 hours of community service; 6) that Ford pay for any stay in Tri-County Jail under R.C. 2929.18; 7) that he pay a $20 supervision fee each month; 8) that Ford pay all court costs, costs of prosecution, and fees under R.C. 2929.18; 9) that Ford shall not ingest or be injected with a drug of abuse or alcohol; 10) that he shall use only one pharmacy approved by the APA and shall at all times provide the APA with the names, addresses, and phone numbers, of his physicians; 11) that he shall provide a DNA sample and fingerprints to the Union County Sheriff, if requested; and 12) that Ford shall comply with the standard conditions of supervision attached as Exhibit "A". (Doc. No. 30).

[3] Ford was given 18 days' jail-time credit. (Doc. No. 30).

convicted of Felonious Assault in Madison County case [number 2018CR0200]".[4] (Doc. No. 54). On October 8, 2019, the trial court ordered that Ford be served with 1) a copy of the State's notice, 2) an affidavit of indigency, and 3) an explanation of rights as to the alleged community-control violation.[5] (Doc. No. 55).

{¶8} On October 31, 2019, the trial court held a community-control-revocation hearing wherein Ford waived an evidentiary hearing and entered an admission to violating his community control sanctions. (Oct. 31, 2019 Tr. at 4); (Doc. No. 60). Thereafter, the trial court determined that Ford violated the terms of his community control sanctions and proceeded to sentence Ford to 18 months in prison on Count One, 180 days in jail on Count Two, and 90 days in jail on Count Three. (*Id.*). The jail sentences in Counts Two and Three were ordered to run concurrent to the 18-month prison term in Count One.[6] (*Id.*). Further, the trial court ordered that the 18-month prison term "be served consecutive to the sentence imposed in Madison County, Ohio, [c]ase [number] 2018-CR-0200." (*Id.*). The judgment entry was filed on October 31, 2019. (*Id.*).

---

[4] Ford was ordered to serve a three-year prison term in the Ohio Department of Rehabilitation and Correction ("ODRC") for his felonious-assault conviction in Madison County, case number 2018-CR-0200, and upon his release subject to a mandatory three-year term of postrelease control supervision. (Oct. 31, 2019 Tr. at 6-7).

[5] Because Ford was in the custody of the ODRC at the time of the issuance of the State's notice, the trial court ordered that he be conveyed from the Correction Reception Center to the trial court for the community-control-revocation hearing on October 31, 2019. (Doc. No. 56). The Union County Sheriff personally served Ford with the notice of community-control violation, affidavit of indigency, and community-control violation explanation of rights on October 31, 2019 at the time of conveyance. (*See* Doc. Nos. 57, 58); (Doc. No. 59).

[6] Ford was given 26 days' jail-time credit, approved for the Intensive Program and Transitional Control (services offered by the ODRC), and ordered to pay the cost of the prosecution. (Doc. No. 60).

{¶9} Ford filed his notice of appeal on November 2, 2019.[7] (Doc. No. 68). He raises one assignment of error for our review.

## Assignment of Error

**The Trial Court Erred When It Ordered His Sentence To Be Run Consecutive To The Sentence He Received In Madison County After He Violated Community Control.**

{¶10} In his assignment of error, Ford argues that the trial court erred by imposing consecutive sentences when it ordered him to serve his 18-month Union County sentence consecutive to the previously imposed three-year prison term arising out of Madison County Common Pleas Court in case number 2018-CR-0200.[8]

{¶11} First, Ford argues that the trial court failed to notify him of the possible consequences under R.C. 2929.19(B)(2)(c) for his commission of a new felony, and the possibility that his sentence could be served consecutive to his Madison County sentence.[9] Second, Ford asserts that the trial court erred by failing to analyze the factors supporting a consecutive sentence under R.C. 2929.14(C)(4)(a) and 2929.15(B)(3), and therefore his sentence is contrary to law.

---

[7] On appeal, Ford initially proceeded *pro se*; however, on November 25, 2019, he requested the appointment of appellate counsel which the trial court later granted on December 10, 2019. (Doc. No. 75).

[8] Counts Two and Three are both misdemeanors, and therefore, R.C. 2929.11-2929.19 are not applicable. *See State v. Priest*, 6th Dist. Wood No. WD-18-071, 2019-Ohio-4901, ¶ 15. Misdemeanor sentencings are governed by R.C. 2929.21-2929.28. *Id.* Further, those misdemeanor sentences under Counts Two and Three were ordered to run concurrent to the prison term imposed in Count One in the instant case under R.C. 2929.41(A). (*See* Doc. No. 60).

[9] We note that while Ford cites *State v. Campbell*, 5th Dist. Licking No. 2005-CA-00021, 2005-Ohio-3980, ¶ 13, citing R.C. 2929.19(B)(2)(c) (2004), (current version at R.C. 2929.19(B)(2)(b), (4) (2019)), and we apply R.C. 2929.19(B)(2)(b), (4) (2012), the result is the same.

*Standard of Review*

{¶12} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. *See State v. Jung,* 8th Dist. Cuyahoga No. 105928, 2018-Ohio-1514, ¶ 14 (applying the standard of review set forth in R.C. 2953.08(G)(2) to review a sentence imposed after the defendant's community control was revoked). *See also State v. Jackson*, 150 Ohio St.3d 362, 2016-Ohio-8127, ¶ 11, (concluding that a community-control-revocation hearing is a sentencing hearing for the purposes of R.C. 2929.19(A) and Crim.R. 32(A)(1)). Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶13} Although, Ford advances a single assignment of error, his argument is divided into two parts. Thus, we begin by addressing the portion of his argument as it relates to the notification requirements.

{¶14} R.C. 2929.15(B)(1) provides in its pertinent parts that

(1)  If the conditions of a community control sanction are violated * * *, the sentencing court may impose upon the violator one or more of the following penalties:

(a)  A longer time under the same sanction if the total time under the sanctions does not exceed the five-year limit specified in division (A) of this section;

(b)  A more restrictive sanction under section 2929.16, 2929.17, or 2929.18 of the Revised Code, including but not limited to, a new term in a community-based correctional facility, halfway house, or jail pursuant to division (A)(6) of section 2929.16 of the Revised Code;

(c)  *A prison term on the offender pursuant to section 2929.14 of the Revised Code and division (B)(3) of this section*, provided that a prison term imposed under this division is subject to the following limitations, as applicable:

* * *

(3)  The prison term, if any, imposed upon a violator pursuant to this division and division (B)(1) of this section shall be within the range of prison terms described in this division and *shall not exceed the prison term specified in the notice provided to the offender at the sentencing hearing pursuant to division (B)(2) of section 2929.19 of the Revised Code.* * * *. Except as otherwise specified in this division, the prison term imposed under this division and division (B)(1) of this section shall be within the range of prison terms available as a definite term for the offense for which the sanction that was violated was imposed. * * *.

(Emphasis added.)  R.C. 2929.15(B)(1)(a)-(c), (3).  In this case, Ford's Union County conviction for a fourth-degree felony carries a non-mandatory sanction of 6-months to 18-months in prison.  R.C. 2911.12(B), (E); R.C. 2929.13(B)(1)(c); R.C. 2929.14(A)(4).  Here, the trial court's sentence of 18 months in prison is within the statutory range.  "[A] sentence imposed within the statutory range is

'presumptively valid' if the [trial] court considered applicable sentencing factors."
*State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 31, quoting
*State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15. Importantly,
Ford does not challenge the trial court's consideration of the R.C. 2929.11 and
2929.12 factors. Thus, Ford's sentence (as to Count One) is presumptively valid.
*See id.*

{¶15} In order to determine if the trial court complied with the notification
requirements, we must review the sentencing entries and the transcripts of the
sentencing hearings.[10] In his appeal, Ford only provided us with the October 31,
2019 sentencing hearing transcript, and not a transcript of his November 7, 2016 or
March 12, 2019 sentencing hearings. "App.R. 9 requires an appellant to provide the
appellate court with transcripts of the proceedings that are necessary to review the
merits of [his] appeal." *State v. Brown*, 3d Dist. Marion No. 9-10-12, 2010-Ohio-
4546, ¶ 8, citing App.R. 9(B). When portions of the transcript are necessary for
resolution of the assigned errors, we have no choice but to presume the validity of
the lower's court's proceeding and affirm. *Brown* at ¶ 19 citing App.R. 9(B) and
*Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199 (1980) (concluding that
Brown had not provided the reviewing court with a "transcript of the hearing
necessary to resolve the assignments of error"). In the absence of a complete

---

[10] The trial court conducted three separate sentencing hearings: 1) November 7, 2016; 2) March 12, 2019; and 3) October 31, 2019. (Doc. Nos. 30, 51, 60).

transcript of the proceedings, a statement of the evidence pursuant to App.R. 9(C),

or an agreed statement pursuant to App.R. 9(D), we have no alternative but to

indulge the presumption of the regularity of the proceedings and the validity of the

judgment in the trial court. *State v. Ames*, 3d Dist. Allen No. 1-19-02, 2019-Ohio-

2632, ¶ 12, citing *State v. Lucas*, 3d Dist. Marion No. 9-90-81, 1991 WL 259043,

*2 (Dec. 4, 1991), citing *Ostrander v. Parker-Fallis*, 29 Ohio St.2d 72, 74 (1972).

{¶16} Thus, because we do not have the ability to review the transcripts or

suitable alternatives from the November 7, 2016 or March 12, 2019 sentencing

hearings, we must presume regularity in the proceedings and the validity of the trial

court's notifications. *Id.*, citing *State v. Brewer*, 48 Ohio St.3d 50, 61 (1990), citing

*United States v. Gallo*, 763 F.2d 1504 (6th Cir.1985). As such, this portion of Ford's

argument is without merit, since we can presume the trial court complied with the

statutory sentencing requirements.

{¶17} Next, we turn to consider the trial court's analysis of the factors

supporting its consecutive sentences.

{¶18} R.C. 2929.19(B) states in its pertinent parts:

(2) Subject to division (B)(3) of this section, if the sentencing court
determines at the sentencing hearing that a prison term is necessary or
required, the court shall do all of the following:

(a) Impose a stated prison term * * *;

(b) In addition to any other information, include in the sentencing
entry * * *, the sentence or sentences imposed * * *, if sentences are

-9-

imposed for multiple counts whether the sentences are to be served concurrently or consecutively, * * *;

* * *

(4) If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code and as described in section 2929.15 of the Revised Code.

R.C. 2929.19(B)(2)(a)-(b), (4). R.C. 2929.41(A) provides:

[e]xcept as provided in * * *, division (C) of section 2929.14, * * * of the Revised Code, a prison term, * * * shall be served concurrently with any other prison term, * * * imposed by a court of this state, another state, or the United States. * * *.

According to R.C. 2929.14(C)(4), separate prison terms for multiple offenses may be ordered to be served consecutively if the court finds it is "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public," *and* if the court also finds any of the factors in R.C. 2929.14(C)(4)(a)-(c) are present:

(a)   The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b)   At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c)   The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶19} A trial court must state the required findings at the sentencing hearing when imposing consecutive sentences and incorporate those findings into the sentencing entry.[11] *State v. Sharp*, 3d Dist. Putnam No. 12-13-01, 2014-Ohio-4140, ¶ 50, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 29.  A trial court "has no obligation to state reasons to support its findings" and is not "required to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry." *Bonnell* at ¶ 37.

---

[11] "R.C. 2967.191 applies confinement time to the aggregate sentence when a court orders a combination of consecutive and concurrent service on multiple prison terms." *State v. Christian*, ___ Ohio St.3d ___, 2020-Ohio-828, ¶ 54, citing R.C. 2967.191(A) (mandating that the ODRC reduce an offender's stated prison term by the amount of time he previously spent in confinement); R.C. 2929.01(FF)(1) (defining a "'[s]tated prison term'" as the "combination of all prison terms * * * imposed"); R.C. 5145.01 ("If sentenced consecutively, * * * the prisoner shall be held to be serving one continuous term of imprisonment"); and Ohio Adm.Code 5120-2-03.1(F) ("When consecutive stated prison terms are imposed, the term to be served is the aggregate of all of the stated prison terms so imposed").

{¶20} Relevant to the issue raised, at Ford's October 31, 2019 sentencing hearing in the trial court, the following exchange occurred between the trial judge and Ford.

[Trial Court]:   All right. The record reveals that you were sentenced in this court on November the 8th of 2016 to an agreed sentence of community control. And that if you violated, the Court would impose 18 months in prison together with jail time, which would run concurrent to the 18 months in prison. The record reflects that you've violated your community control on more than one occasion. And the Court's been lenient in that regard. It's time for you to get the benefit of your bargain. You are sentenced as an agreed sentence after the Court's considered all of the factors necessary to serve 18 months in prison for a violation of trespass in a habitation, a felony of the fourth degree; 180 days in jail on assault, a misdemeanor of the first degree; and 18 months -- or excuse me -- that sentence is to run concurrent to the 18 months on trespass in a

habitation; and 90 days in jail on resisting arrest to run concurrent to the sentence imposed on trespass in a habitation and assault. The sentence of the Court, I believe, by operation of law, but if not, I'll specify it, is to run consecutive to the sentence imposed in Madison County case number 2018CR0200. That would -- if you're serving the sentence already and serving it first, you would be eligible for judicial release, which would result in continued community control or you can serve the sentence imposed. Thank you.

(Oct. 31, 2019 Tr. at 8-9).

{¶21} Here, the felony sentences of Ford are not, by operation of law, to be served consecutively. Thus, the trial court was required to state its R.C. 2929.14(C)(4) finding on the record as to its consecutive sentencing of Ford. However, we cannot glean from the transcript that the trial court made any findings under R.C. 2929.14(C)(4) *on the record* when it imposed the consecutive sentence of Ford. (*Id.*). *See Sharp*, 2014-Ohio-4140, at ¶ 50, citing *Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, at ¶ 29. Therefore, under the facts presented, we conclude

that Ford's sentence is clearly and convincingly contrary to law. Accordingly, we sustain this portion of Ford's assignment of error.

{¶22} Having found error prejudicial to the appellant herein in the particulars assigned and argued in his assignment of error, we affirm the conviction of the appellant, but we reverse the sentence of the trial court and remand this matter for resentencing in the trial court.

*Judgment Affirmed in Part,*
*Reversed in Part and*
*Cause Remanded*

**PRESTON and WILLAMOWSKI, J.J., concur.**

**/jlr**