[Cite as *State v. Andrews*, 2021-Ohio-3507.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                          Court of Appeals No.  L-20-1199

      Appellee                                     Trial Court No.  CR0202001276

v.

Jeremy Andrews                                  **<u>DECISION AND JUDGMENT</u>**

      Appellant                                    Decided:  September 30, 2021

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Alyssa Breyman, Assistant Prosecuting Attorney, for appellee.

John F. Potts, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.      Introduction

{¶ 1} This matter is before the court on appeal of the October 29, 2020 judgment of the Lucas County Court of Common Pleas, challenging the imposition of consecutive sentences.  For the reasons that follow, we affirm.

## II. Background and Procedural History

{¶ 2} On December 15, 2019, appellant, Jeremy Andrews, went to the Encore Bar in Toledo to confront a man. He took his loaded gun, equipped with a green laser sight. Nearby police responded to the sound of gunshots, and they observed people exiting the bar and a man fleeing with appellant in pursuit. Appellant fired at the man, but missed. Police approached appellant, and he threw his gun down and fled on foot. Police quickly apprehended appellant and recovered the gun.

{¶ 3} While in custody, immediately after the incident, appellant placed several phone calls from jail. Based on these recorded calls, police learned that appellant went to the bar after his girlfriend called him and told him another man, D.H., had assaulted her there. Appellant's girlfriend had children with both appellant and D.H., and she believed appellant was just going to beat D.H., not try to shoot him. D.H. was later charged with domestic violence based on the assault on appellant's girlfriend, and D.H. admitted to being present at the bar that night.

{¶ 4} On February 14, 2020, appellant was indicted for felonious assault in violation of R.C. 2903.11(A)(2) and (D), a felony of the second degree, with a three-year firearm specification pursuant to R.C. 2941.145(A), (B), (C), and (F) in Count One; and tampering with evidence in violation of R.C. 2921.12(A)(1) and (B), a felony of the third degree in Count Two. Appellant entered a plea of not guilty to the charges at arraignment.

2.

{¶ 5} On August 20, 2020, appellant waived indictment as to a new charge by information, Count Three, discharging a firearm on or near a prohibited premises in violation of R.C. 2923.162(A)(3) and (C)(2), a felony of the third degree, with a one-year firearm specification pursuant to R.C. 2941.141. The new charge was part of a plea negotiation, in which appellant would plead guilty to Count Two and the new Count Three, with the one-year firearm specification. Prior to appellant entering his plea, his trial counsel noted the offenses did not merge but argued that the trial court should not "make the findings that the statute would require for the counts to run consecutively." The trial court clarified that it could sentence consecutively, and if the maximum sentences were imposed as to each charge, appellant faced a potential sentence of 72 months with an additional 1-year mandatory consecutive sentence for the firearm specification.

{¶ 6} With this clarification stated on the record, appellant withdrew his prior plea of not guilty, and entered a plea of guilty to Count Two, as charged in the indictment and a plea of guilty to Count Three, with the specification, as charged by information. The trial court accepted the plea, found appellant guilty, and referred him for a presentence investigation. In addition to the investigation, several individuals submitted letters on appellant's behalf for the trial court's consideration at sentencing.

{¶ 7} On October 29, 2020, the trial court held a sentencing hearing and, after consideration of the principles and purposes of sentencing under R.C. 2929.11 and

3.

balancing the seriousness, recidivism, and other factors under R.C. 2929.12, determined a community control sentence was not appropriate. The trial court imposed a sentence of 12 months as to count two and a sentence of 24 months as to count three. The trial court also imposed a mandatory, consecutive one-year term for the gun specification attached to count three. After considering the factors under R.C. 2929.14(C)(4), the trial court ordered the sentences for counts two and three to run consecutively, for an aggregate prison term of 48 months.

{¶ 8} Appellant filed a timely appeal of this judgment.

### III.     Assignments of Error

{¶ 9} Appellant now asserts the following assignment of error:

IT CONSTITUTED ERROR TO IMPOSE CONSECUTIVE SENTENCES FOR THE SUBSTANTIVE OFFENSES OF CONVICTION BECAUSE THE REQUIRED FINDINGS ARE NOT SUPPORTED BY THE RECORD.

### IV.     Analysis

{¶ 10} Appellant challenges the imposition of consecutive sentences for the substantive offenses in Counts Two and Three, but does not argue that the trial court failed to make the statutory findings. Instead, appellant argues the facts recited into the record do not support the trial court's findings, and the presumption for concurrent sentences weighed against consecutive sentences based on the record.

4.

{¶ 11} We review a felony sentence pursuant to R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1. "On appeals involving the imposition of consecutive sentences, R.C. 2953.08(G)(2)(a) directs the appellate court 'to review the record, including the findings underlying the sentence' and to modify or vacate the sentence 'if it clearly and convincingly finds * * * [t]hat the record does not support the sentencing court's findings under division * * * (C)(4) of section 2929.14 * * * of the Revised Code.'" *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 28.

{¶ 12} The statute requires recitation of *statutory* findings pursuant to R.C. 2929.14(C)(4) to support imposition of consecutive sentences, with no requirement that the trial court recite its factual findings at hearing or in the sentencing entry. *Bonnell* at ¶ 27. The consecutive sentences, moreover, shall be affirmed "as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings[.]" *Id.* at ¶ 29.

{¶ 13} There is no dispute, in this case, that the trial court engaged in the correct analysis under R.C. 2929.14(C)(4). Appellant argues, however, that the record did not support any of the trial court's findings. R.C. 2929.14(C)(4) requires findings, as follows:

> If multiple prison terms are imposed on an offender for convictions
> of multiple offenses, the court may require the offender to serve the prison

5.

terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} Pursuant to R.C. 2953.08(G)(2), we may only reverse a trial court's findings if we determine the record does not clearly and convincingly support those findings under R.C. 2929.14(C)(4), with appellant bearing the burden of demonstrating

6.

error in this regard. *State v. Stenson,* 6th Dist. Lucas No. L-20-1074, 2021-Ohio-2256, ¶ 8, citing *State v. Goings,* 6th Dist. Lucas No. L-13-1103, 2014-Ohio-2322, ¶ 20; *see also State v. Torres,* 6th Dist. Ottawa No. OT-18-008, 2019-Ohio-434. ¶ 6. In this case, appellant fails to demonstrate any error relative to the trial court's findings, and instead relies on policy argument favoring minimum sanctions.

{¶ 15} First, appellant fails to demonstrate a lack of support for consecutive sentences, considering the factors under R.C. 2929.14(C)(4). As the record reflects, appellant's criminal history spans 12 years, including both juvenile and adult convictions. Three of his juvenile adjudications, moreover, were for felony offenses of violence, and he had previously failed to comply with conditions of community control in another case, demonstrating factors supporting the need to protect the public from future crime. R.C. 2929.14(C)(4)(c); *State v. Priest,* 6th Dist. Wood No. WD-18-071, 2019-Ohio-4901, ¶ 16 (finding under R.C. 2929.14(C)(4)(c) supported by 30-year criminal record, numerous misdemeanor and traffic offenses that included offenses of violence, one felony conviction, and failure to respond well to prior community control sanctions).

{¶ 16} Appellant also fails to refute the finding that consecutive sentences were necessary as punishment, and not disproportionate to the seriousness of his conduct or the danger posed to the public pursuant to R.C. 2929.14(C)(4). The record demonstrates that appellant went to the bar with a loaded gun to confront his girlfriend's ex-boyfriend, after learning that the ex-boyfriend had assaulted her. He fired in the direction of the man as

7.

he fled, and while no bullet struck its target, the danger posed to those in the area of the gunfire was real. As police approached, appellant threw the gun to conceal it, and ran to avoid apprehension. A loaded gun, discarded on the street, also poses a real danger.

{¶ 17} In arguing lack of support for consecutive sentences, appellant mainly reiterates appellant's positive qualities, and rather than point to an absence of supporting facts for the trial court's findings, appellant argues that his criminal history is not "such a serious nature" to merit consecutive sentences, and consecutive sentences are not necessary to punish appellant, who fired a single shot and immediately discarded the gun. Appellant's argument, however, only disputes the weight that should be given the facts as support for consecutive sentences, when contrasted with other indications of his good character.

{¶ 18} Appellant does not point to a lack of supporting facts for consecutive sentences, but instead asserts policy argument in support of his appeal, relying on the Eighth District Court of Appeals as stated in *State v. Metz,* 2019-Ohio-4054, 146 N.E.3d 1190 (8th Dist.). However, *Metz* is not controlling authority. The controlling authority, moreover, contradicts the conclusion reached in *Metz* based on factors under R.C. 2929.11 and 2929.12. *Metz* at ¶ 109-110. The law is clear that appellate review is limited by R.C. 2953.08(G)(2), which does not include review of the individual sentences under R.C. 2929.11 and 2929.12. *State v. Gwynne,* 158 Ohio St.3d 279, 2019-Ohio-

8.

4761, 141 N.E.3d 169, ¶ 17-18; *State v. Jones,* 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 39.

{¶ 19} Therefore, to the extent appellant argues his sentence is not supported by the record based on factors under R.C. 2929.11 and 2929.12, we find such argument is not part of our review under R.C. 2953.08(G)(2).  Accordingly, considering the record and appellant's failure to demonstrate the absence of supporting facts for the trial court's imposition of consecutive sentences, we find appellant's sole assignment of error not well-taken.

### V.    Conclusion

{¶ 20} For the forgoing reasons, we affirm the judgment of the Lucas County Court of Common Pleas.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Christine E. Mayle, J.                    _____
                                                          JUDGE

Gene A. Zmuda, P.J.

                                          _____
Myron C. Duhart, J.                                       JUDGE
CONCUR.

                                          _____
                                                          JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.