[Cite as *State v. Ford*, 2022-Ohio-161.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY


STATE OF OHIO,

      PLAINTIFF-APPELLEE,                CASE NO. 14-21-10

      v.

GREGORY W. FORD, II,               O P I N I O N

      DEFENDANT-APPELLANT.


Appeal from Union County Common Pleas Court
Trial Court No. 2015 CR 247

Judgment Affirmed

Date of Decision: January 24, 2022


APPEARANCES:

    *Alison Boggs* **for Appellant**

    *Raymond Kelly Hamilton* **for Appellee**

**MILLER, J.**

{¶1} Defendant-appellant, Gregory W. Ford, II, appeals the April 1, 2021 judgment of sentence the Union County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} We have previously recited much of the factual and procedural background of this case, and we will not duplicate those efforts here. *State v. Ford*, 3d Dist. Union No. 14-19-31, 2020-Ohio-3770, ¶ 1-9. Relevant to this appeal, on December 29, 2015, the Union County Grand Jury indicted Ford on four counts: Count One of trespass in a habitation in violation of R.C. 2911.12(B), a fourth-degree felony; Count Two of assault in violation of R.C. 2903.13(A), a first-degree misdemeanor; Count Three of resisting arrest in violation of R.C. 2921.33(A), a second-degree misdemeanor; and Count Four of aggravated menacing in violation of R.C. 2903.21(A), a first-degree misdemeanor. On July 18, 2016, Ford withdrew his pleas of not guilty and pursuant to a negotiated-plea agreement, entered pleas of guilty to Counts One, Two, and Three of the indictment. The trial court accepted Ford's pleas and found him guilty. In exchange, the State recommended the trial court dismiss Count Four and recommended a jointly-agreed sentence of community control sanctions.

{¶3} On November 7, 2016, the trial court imposed five years of community control sanctions with conditions. The sentencing entry specified that if Ford failed

to complete the term of community control, the trial court may sentence him to 18 months in prison on Count One, 180 days in jail on Count Two, and 90 days in jail on Count Three. The judgment entry stated that the jail sentences for Counts Two and Three were to run concurrent to the sentence in Count One. On March 5, 2019, Ford admitted to a community-control violation. However, at the March 12, 2019 sentencing hearing, the trial court continued his community control and did not impose the previously suspended terms of incarceration.

{¶4} On September 20, 2019, the State filed a second community-control violation against Ford alleging that he was convicted of felonious assault in Madison County case number 2018-CR-0200 on August 29, 2019. On October 31, 2019, Ford entered an admission to violating the terms of his community control. The trial court then sentenced Ford to serve the previously reserved term of 18 months in prison for the three offenses. Additionally, the trial court ordered this sentence to be served consecutively to the sentence imposed in the Madison County case.

{¶5} On November 2, 2019, Ford filed a notice of appeal with this court. In his direct appeal, Ford raised a single assignment of error complaining that the trial court erred by ordering his sentence to run consecutive to the sentence imposed in the Madison County case. *Ford*, 2020-Ohio-3770, at ¶ 10. Ford raised two arguments in support of his assignment of error. *Id.* First, Ford argued the trial court failed to notify him at the time of his original sentencing on November 7, 2016

or the March 12, 2019 sentencing hearing on his community control violation of the possible consequences for his commission of a new felony, and the possibility that the trial court could order his sentence to be served consecutively to his sentence for a new felony. *Id.* at ¶ 11. Second, Ford argued that the trial court failed to make the required consecutive-sentencing findings under R.C. 2929.14(C)(4) on the record. *Id.*

{¶6} With respect to Ford's argument that the trial court failed to notify him of the possible consequences he faced for the commission of a new felony and the possibility that the sentence could be served consecutively to his sentence in another case, we noted that Ford failed to include transcripts from the 2016 or 2019 sentencing hearings. *Id.* at ¶ 15. Thus, this court was unable to review the relevant portion of the record to address the merits of his argument. *Id.* Therefore, we presumed regularity in the proceedings and the validity of the trial court's notifications and found this portion of his argument to be without merit. *Id.* at ¶ 16.

{¶7} However, with regard to Ford's argument that the trial court failed to make the consecutive-sentencing findings under R.C. 2929.14(C)(4) on the record, we found that the trial court did not make the required consecutive-sentencing findings at the October 31, 2019 sentencing hearing. *Id.* at ¶ 21. Accordingly, we affirmed Ford's conviction but reversed his sentence and remanded the matter for resentencing. *Id.* at ¶ 22.

{¶8} On April 1, 2021, the trial court held a resentencing hearing where it again sentenced Ford to 18 months in prison on Count One, 180 days in jail on Count Two to be served concurrently to the sentence for Count One, and 90 days in jail on Count Three to be served to concurrent to the sentences for Counts One and Two. Further, the trial court ordered the sentences for Counts One, Two, and Three be served consecutively to the sentence imposed in the Madison County case. The trial court made the findings necessary to support consecutive sentences. The trial court filed its judgment entry of sentence that same day.

{¶9} On April 30, 2021, Ford filed his notice of appeal. He raises one assignment of error for our review.

### Assignment of Error

**The trial court erred when, on remand, it again ordered Appellant's sentence to run consecutive to the sentence he received in Madison County; an offense known to the court at the time of the initial community control violation hearing, without giving Appellant proper notice that any future violation that occurred as a result of the commission of another crime could result in the suspended sentence being served consecutive to the new sentence.**

{¶10} In his assignment of error, Ford argues the trial court erred when, on remand, it again ordered his sentence to run consecutively to the sentence imposed in the Madison County case. Specifically, Ford argues that his sentence is contrary to law because at his November 7, 2016 sentencing hearing, the trial court failed to inform him that, should he violate the terms of his community control and be

sentenced to prison as a result of that violation, the trial court could choose to reimpose the prison sentence and order that sentence to be served consecutively to any new sentence. Ford contends that because the trial court never reserved the right to impose the sentence consecutive to a new conviction, it was precluded from imposing the sentence consecutive to the sentence in the Madison County case. Thus, Ford argues that the trial court erred by ordering his sentence to run consecutively to the sentence imposed in the Madison County case.

{¶11} However, we do not reach the merits of Ford's assignment of error because his argument is barred by the doctrine of res judicata. "'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant * * * on an appeal from that judgment.'" *State v. Stewart*, 3d Dist. Seneca No. 13-21-05, 2021-Ohio-2294, ¶ 15, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶12} Here, although Ford frames his argument as a challenge to the sentence imposed at the April 1, 2021 resentencing hearing, his assignment of error actually challenges the validity of the notifications he received at his November 7, 2016 sentencing hearing. Indeed, Ford raised the same challenge in his previous direct appeal. *Ford*, 2020-Ohio-3770, at ¶ 10-11. However, in his previous appeal,

Ford only provided this court with the transcript of the October 31, 2019 sentencing hearing and failed to provide a transcript of the November 7, 2016 or March 12, 2019 sentencing hearings despite arguing that the trial court failed to make the proper notifications at either hearing. *Id.* at ¶ 15. Due to Ford's failure to file a complete transcript of the relevant proceedings, a statement of the evidence pursuant to App.R. 9(C), or an agreed statement pursuant to App.R. 9(D), this court indulged the presumption of the regularity of the proceedings and the validity of the judgment in the trial court. *Id.* In pursuing the identical issue in the present appeal, Ford is asking this court to ignore the doctrine of res judicata and change our prior ruling, which we are not inclined to do.

**{¶13}** Res judicata bars a defendant "who has had his day in court from seeking a second on that same issue." *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, ¶ 18. "In so doing, res judicata promotes the principals of finality and judicial economy by preventing endless relitigation of an issue on which a defendant has already received a full and fair opportunity to be heard." *Id.* Thus, although Ford has now included transcripts of the November 7, 2016 and the March 12, 2019 sentencing hearings as part of the record for his present appeal, he already had a full and fair opportunity to be heard on the issue in his previous direct appeal. *Ford* at ¶ 15. *See generally State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973 (applying res judicata in the context of an appeal following a remand for

resentencing); *Saxon* at ¶ 19. Ford's failure to provide the transcripts of the prior hearings in his previous direct appeal does not entitle him to a second bite at the apple on his subsequent appeal. Had Ford provided the transcripts in his original appeal, this court could have analyzed his assignment of error differently and, if any error was committed by the trial court during the original sentencing in 2016 or the community control violation hearing in 2019, such error could have been corrected as part of the previously ordered remand. Therefore, Ford is not able to now overcome the bar of res judicata to allow us to reach the merits of his argument.

{¶14} Accordingly, Ford's assignment of error is overruled.

{¶15} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Union County Court of Common Pleas.

*Judgment Affirmed*

**SHAW and WILLAMOWSKI, J.J., concur.**

**/jlr**